HERBERT S. KAISER, Ex'r of the Estate of Elizabeth Kaiser, Deceased, *et al.*, Plaintiffs-Appellees, *v.* JOHN EMRICH, Defendant-Appellant.

Second District   No. 79-525

Opinion filed June 5, 1980.

William J. Scott, Attorney General, and Edward A. Puisis, Ltd., both of Waukegan (Robert L. Snook, Special Assistant Attorney General, of counsel), for appellant.

James J. Hoffnagle, of Taylor, Miller, Magner, Sprowl & Hutchings, and James E. Stamos, both of Chicago, and Lampert, Pollina, Critz & Phelan, of Northbrook, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The circuit court for the nineteenth Judicial Circuit, Lake County, has certified a question for our review pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308). The question raised calls for us to interpret the terms of Ill. Rev. Stat. 1977, ch. 127, par. 35.9(m)(3) to determine whether an action against a State employee for negligence

occurring in the course of his employment may be brought in circuit court, or must be brought only in the court of claims.

Defendant, John Emrich, was involved in an auto accident on July 22, 1977, in Lake County. At the time he was on duty in his capacity as an Illinois State trooper, employed by the Illinois Department of Law Enforcement. The other car was driven by Matthew Kaiser; he and two other members of the Kaiser family (the plaintiffs) filed personal injury actions against defendant. Defendant, represented by the Attorney General, moved to dismiss the actions, contending that the circuit court lacked subject matter jurisdiction, and that such claims may only be heard in the court of claims. The trial court denied the motion, but certified the question to this court.

Section 35.9(m)(3) of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1977, ch. 127, 35.9(m)(3)) provides in relevant part:

> "Whenever and to the extent that a State employee operates a motor vehicle or engages in other activity covered by self-insurance under this Section, the State of Illinois shall defend, indemnify and hold harmless such employee *against any claim in tort filed against such employee* for acts or omissions within the scope of his employment *in any proper judicial forum* * * * . Any claims against the State of Illinois as self-insurer which are not settled pursuant to this subsection shall be heard and determined by the Court of Claims, and may not be filed or adjudicated in any other forum." (Emphasis ours.)

If the terms of the above statute were vague or ambiguous, we would have to resort to the rules of statutory interpretation and a consideration of the legislative history. However, it is our opinion that the statute is clear on its face and requires no interpretation.

The above statute deals with two situations. The first involves suits in tort against a State employee operating a vehicle covered by State self-insurance provisions; in this situation, the State shall defend, indemnify and hold the employee harmless against the tort claim, in any proper judicial forum. The second situation expressly involves claims against the State as self-insurer, and requires those claims to be brought in the court of claims.

The issue raised here requires this court to determine which of the two situations described above governs the present cause. On their face, the present actions are all brought against defendant individually and therefore fall within the first situation. Since the legislature chose to distinguish the forums in which the different actions are to be brought, it is clear that "any proper judicial forum" is different from the court of claims, and while it may include that court, the terms are obviously sufficiently broad in scope as to include the circuit court.

Defendant contends that the actions brought by the various members of the Kaiser family could operate to control the action of the State and subject it to liability, and are thus, in essence, brought against the State of Illinois. He points out that during the hearing on the motions to vacate, plaintiffs' attorney told the trial court that "if we should recover, we are asking that indemnification be made by the State of Illinois as the Statute sets forth." It is therefore asserted that this is a lawsuit brought against the State as self-insurer, although the State is not named as a party defendant, and is cognizable solely in the court of claims.

It is well established that State employees are not exempt from liability for their own acts of negligence merely because they were acting at the time within the scope of their employment. (*Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.) If the relief sought could operate to control the action of the State or subject it to liability, the suit is deemed to be against the State. (*People ex rel. Maciuba v. Cheston* (1974), 25 Ill. App. 3d 224, 323 N.E.2d 40.) Furthermore, a suit nominally against a State employee should be regarded as an action against the State "* * * if the State, * * * is the real party against which relief is sought." *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 1001, 372 N.E.2d 1131.

Although defendant relies in part on the statement by plaintiffs' counsel about seeking indemnity as an indication that this is an action against the State, we believe that statement to be without import, as plaintiffs are not presented with an election as to indemnity; rather, it occurs by operation of the statute itself, the legislature requiring such indemnification.

It is also our view that the present cause differs from *Maciuba* and similar cases (See *Schwing v. Miles* (1937), 367 Ill. 436, 11 N.E.2d 944; *Struve v. Department of Conservation* (1973), 14 Ill. App. 3d 1092, 303 N.E.2d 32) in that those cases each deal with suits in which it could be said from their general context that they should be brought only in the court of claims. In the present cause, a specific exception has been carved out of the requirement of bringing a case in the court of claims, one which allows actions in which the State clearly must indemnify an individual employee to be brought "in any proper judicial forum." The legislature, presumptively aware that generally a claim which could subject the State to liability must be brought in the court of claims, made provision for a specific instance in which the State will indemnify an employee sued in "any proper judicial forum." Referring again to the statute quoted above, if the word "forum" includes the circuit courts in the second sentence in prohibiting any action against the State of Illinois in the circuit courts, then it must include the circuit courts in the first sentence which contemplates actions against State employees in any proper judicial forum.

We are aware of the recent case of *Golden v. Holaday* (1978), 59 Ill. App. 3d 866, 376 N.E.2d 92. That case, however, was based on a holding that the statute here considered does not apply retroactively. The *Golden* court made no examination of the issue we consider now, but rather expressly made an assumption that an action under this statute must be brought in the court of claims. For this reason, we conclude that the holding in *Golden* is inapposite.

As we conclude that plaintiffs' actions could be brought in the circuit court, we affirm the denial of defendant's motion to dismiss and remand for further proceedings.

Affirmed and remanded.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.