JANE BARTHOLOMEW, Plaintiff-Appellant, v. LAVERT CROCKETT *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—2401

Opinion filed March 6, 1985.

Baskin, Server, Berke & Weinstein, of Chicago (Susan P. Malone, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (William R. Wallin, Assistant Attorney General, of Chicago, of counsel), for appellee Lavert Crockett.

Conklin & Adler, Ltd., of Chicago (John S. Roadhouse and Peter V. Bustamante, of counsel), for other appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Jane Bartholomew brought this action against defendant, Lavert Crockett, for personal injuries sustained as a result of a motor vehicle collision and against her former attorneys, Paul Caghan, David Wittenberg and Wittenberg & Caghan, Ltd. (attorneys), for malpractice in handling the aforementioned claim. Appellant's two-count amended complaint was dismissed as to all defendants.

The amended complaint alleges that on June 2, 1980, Bartholomew was driving her automobile in the course of her employment as a nurse inspector for the Illinois Department of Public Health, going to one of the nursing homes where she was assigned. She was proceeding in a westerly direction on Taylor Street in Chicago. She had come to a complete stop behind traffic to allow another vehicle to make a left turn when her car was struck from the rear by a motor vehicle driven by Crockett. At the time of the collision, Crockett was operating a State-owned vehicle in the course of his employment as a truck driver for the University of Illinois. As a result of the collision, Bartholomew alleges that her car was damaged and that she sustained extensive injuries.

The amended complaint further alleges that on or about June 3, 1980, Bartholomew retained David Wittenberg and Paul Caghan of the law firm of Wittenberg and Caghan, Ltd., to represent her in all claims arising out of the above-mentioned occurrence, against the State of Illinois as her employer for workers' compensation and against Crockett and his employer for his negligence. Thereafter Bartholomew entered into two retainer agreements which provided for payment to the attorneys of 20% of the award from the Industrial Commission for workers' compensation claims and for payment of 40% of the recovery on all other claims.

On January 8, 1981, the attorneys filed a statutory notice of claim for personal injuries against the State of Illinois in the Illinois Court of Claims. This claim was filed late, more than eight days beyond the time allowed by statute, and named the State as the defendant instead of the Board of Trustees of the University of Illinois. The attorneys later filed a complaint in the court of claims for property damages only, identifying Crockett as an agent of the State. Further, the attorneys filed a workers' compensation claim

against the State of Illinois as Bartholomew's employer. They settled her property damage claim against the State of Illinois, instructing her to execute a general release in favor of the State and Crockett.

Subsequently, Bartholomew became dissatisfied with the attorneys' overall performance and discharged them upon learning that they had filed an untimely statutory notice of claim. She then retained the attorney who is representing her in this appeal.

Bartholomew's amended complaint in count I alleged that Crockett was negligent in speeding, failing to retain control of his vehicle, and otherwise operating his vehicle in a negligent manner. In count II of her complaint, she charged that the appellee attorneys failed to file a proper notice of claim with the court of claims, negligently advised plaintiff to sign a general release, and improperly named the State of Illinois rather than the Board of Trustees of the University of Illinois as the employer of Crockett.

The trial judge granted Crockett's motion to dismiss on the basis that Bartholomew and Crockett were co-employees, each acting within the scope of his employment at the time of the incident, and that the action is barred by section 5(a) of the Workers' Compensation Act. (Ill. Rev. Stat. 1979, ch. 48, par. 138.5). The judge granted the attorneys' motion on the grounds that plaintiff failed to state a cause of action for malpractice because she had suffered no damages as a result of the alleged negligence of the attorneys. This appeal followed.

Bartholomew argues that the trial court erred in dismissing her claims because (1) the Board of Trustees of the University of Illinois is separate and distinct from the State of Illinois for purposes of section 5(a) of the Workers' Compensation Act, (2) an employee of the Board is not immune from claims based on his negligent operation of a motor vehicle because the injured party is employed by the State of Illinois, and (3) she stated a cause of action against her former attorneys for legal malpractice.

The first issue to be considered is whether the Board of Trustees of the University of Illinois is a legal persona separate from the State of Illinois. We note that at the time of the incident, both Bartholomew and Crockett were acting in the scope of their employment. Bartholomew contends that Crockett is not an employee of the State because the Board is a legal entity separate and distinct from the State of Illinois, and that the Board and the State are not the same employer for purposes of section 5(a) of the Workers' Compensation Act. She therefore asserts that Crockett is not immune from suit on a common law negligence claim by her. We agree.

■ Section 5(a) of the Workers' Compensation Act provides in pertinent part:

"Sec. 5. (a) No common law or statutory right to recover damages from the employer, *** or employees *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a).)

The Illinois Supreme Court has construed this section to mean a common law action against a co-employee is precluded if the parties come within the Act and the accidental injury arose out of and in the course of the employment. *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 201 N.E.2d 434; *Brooks v. Carter* (1981), 102 Ill. App. 3d 635, 430 N.E.2d 566.

It is uncontested that Bartholomew is an employee of the State of Illinois. The question here is whether the Board of Trustees of the University of Illinois, which employed Crockett, can be considered the State of Illinois under section 5(a) of the Workers' Compensation Act. On numerous occasions, Illinois courts have discussed the status of the university in relation to the State. The Board has been described as a public corporation, endowed with all the powers and duties of public corporations, and was established by the legislature for the purpose of conducting and operating the university. *People ex rel. Board of Trustees v. Barrett* (1943), 382 Ill. 321, 46 N.E.2d 951; *Spalding v. People* (1898), 172 Ill. 40, 49 N.E. 993.

In *Barrett*, our supreme court examined at length the relationship between the Board and the State. It held that the Board, as a corporation, was distinct and separate from the State. The court concluded that the university is not a State agency but an agent for the State. "The distinction, while subtle, is very real *** [b]oth State agencies and agents for the State are created by the legislature, but the former are governmental in nature while the latter are proprietary or administrative." (*Decker v. University Civil Service System Merit Board* (1980), 85 Ill. App. 3d 208, 213-14, 406 N.E.2d 173.) The *Barrett* court described the status of the Board as follows:

"[The Board] functions solely as an agency of the State for the purpose of the operation and administration of the university, for the State. In doing this, it *functions as a corporation, separate and distinct from the State* and as a public corporate entity with all the powers enumerated in the applicable statutes, or necessarily incident thereto. It has and can exer-

cise no sovereign powers. *It is no part of the State or State government."* (Emphasis added.) *(People ex rel. Board of Trustees v. Barrett* (1943), 382 Ill. 321, 343.)

Moreover, in *Board of Trustees v. Industrial Com.* (1969), 44 Ill. 2d 207, 254 N.E.2d 522, the Illinois Supreme Court considered the relationship of the Board to its employees when the Board attempted to appeal to the circuit court an award of the Industrial Commission in favor of an employee. The employee argued that his claim against the Board was a claim against the State for purposes of section 19f[1] of the Workers' Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.19f(1)). The Board argued that it was not an agency of the State of Illinois, and therefore not within the section 19f preclusion. Our supreme court agreed, holding that claims by university employees were not the same as claims by State employees, because the Board is a corporation separate and distinct from the State and subject to being sued as any public corporation. Thus, the Board and its employees, unlike the State or its employees, are permitted to appeal Industrial Commission decisions to the circuit court.

The *Barrett* and *Industrial Commission* cases are not the only decisions in which the Board asserted that it is separate and distinct from the State of Illinois. Recently, the Board asserted the same and the appellate court adopted the conclusion of the aforementioned decisions in *McKenna v. Board of Trustees* (1980), 90 Ill. App. 3d 992, 414 N.E.2d 123, and *Decker v. University Civil Service System Merit Board* (1980), 85 Ill. App. 3d 208, 406 N.E.2d 173. In these cases, nonacademic employees of the University of Illinois sought to obtain payment of prevailing wages, contending they were either State employees or at least employees of a State officer, agent or authority. The court in both cases held that the university is not an agency of the State within the meaning of the Personnel Code (Ill. Rev. Stat. 1977, ch. 127, par. 391), but is "separate and distinct from the State." *McKenna v. Board of Trustees* (1980), 90 Ill. App. 3d 992, 996; *Decker v. University Civil Service System Merit Board* (1980), 85 Ill. App. 3d 208, 214.

■■ ■ We conclude that Crockett, who is employed by the Board of Trustees of the University of Illinois, is not an employee of the State for purposes of section 5(a) of the Workers' Compensation Act. Accordingly, we hold that Bartholomew and Crockett are not

---

[1]Section 19f of the Workers' Compensation Act precludes judicial review by the circuit court of Industrial Commission decisions in all actions against the State of Illinois.

co-employees within the meaning of section 5(a) of the Workers' Compensation Act, and that Crockett is not immune from Bartholomew's common law negligence claim against him.

Crockett places great reliance on *Ellis v. Board of Governors* (1984), 102 Ill. 2d 387, 466 N.E.2d 202, *Williams v. Medical Center Com.* (1975), 60 Ill. 2d 389, 328 N.E.2d 1, and *Kane v. Board of Governors* (1976), 43 Ill. App. 3d 315, 356 N.E.2d 1340, in support of his argument that the University of Illinois is a State agency. In these cases the Boards and the Commission were characterized as "arms of the State of Illinois" (State agencies) for purposes of sovereign immunity, meaning that claims against these entities are cognizable exclusively in the Illinois Court of Claims pursuant to the Court of Claims Act. (Ill. Rev. Stat. 1983, ch. 37, par. 439.8(d).) In neither case was the court addressing the issue of whether employees of such entities are to be considered State co-employees.

Even assuming *arguendo* that Crockett is a State employee, his contention that all claims against him were required to be asserted in the Court of Claims is without merit. "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1983, ch. 127, par. 801), precludes the State, not individuals, from being sued in another forum; nor is Crockett within the exclusive jurisdictional purview of the Court of Claims (Ill. Rev. Stat. 1983, ch. 37, par. 439.8). The Illinois Appellate Court, on numerous occasions, has held that non-governmental activities of State employees can form the basis of a negligence action in the circuit court, and such claims are not required to be asserted in the Court of Claims. (*Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048, 386 N.E.2d 885; *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.) Similarly, the court in *Hoffman v. Yack* (1978), 57 Ill. App. 3d 744, 373 N.E.2d 486, found that the Board of Trustees of Southern Illinois University could be sued only in the court of claims, but that this restriction did not apply to the employee defendant.

■ More specifically, Illinois courts have held that a government employee cannot use governmental immunity as an affirmative defense or as a shield to preclude circuit court jurisdiction in automobile negligence cases. (*Hering v. Hilton* (1958), 12 Ill. 2d 559, 147 N.E.2d 311; *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 386 N.E.2d 1141; *Pree v. Hymbaugh* (1959), 23 Ill. App. 2d 211, 162 N.E.2d 297.) The defendants in each case were operating motor vehicles on the public highway in a negligent manner. The opinions in those cases, in effect, stated that the fact of government employment could not be used as a shield. The duty imposed on the

defendants was held to be the same duty imposed on all other persons operating motor vehicles on the public highways. We believe this to be sound law. In *Gocheff*, the court specifically noted that:

"*** [T]he acts of negligence alleged to have been committed by [defendant] relate not to obligations incurred solely by virtue of his employment with [the State community college], but rather to duties automobile drivers owe to one another." (*Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 184.)

Accordingly, we hold that even if Crockett were a State employee, he could not use his employment as a shield against suit in the circuit court.

■ Crockett contends further that a suit which involves the State's self-insurance plan is a suit against the State and is cognizable solely in the court of claims. Conversely, Bartholomew argues that the circuit court does not lose jurisdiction merely because the Board participates in a State-sponsored insurance program which insured Crockett and the vehicle driven by him.

We believe the coverage of Crockett and the vehicle by a State-sponsored insurance program has no jurisdictional effect. Generally, State employees[2] are not exempt from liability for their own acts of negligence merely because they were acting within the scope of their employment. See *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178; *Watson v. St. Annes Hospital* (1979), 68 Ill. App. 3d 1048; *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997.

Specifically, in *Kaiser v. Emrich* (1980), 84 Ill. App. 3d 775, 406 N.E.2d 207, the defendant was a State trooper who was involved, while on duty, in an automobile collision in which plaintiffs were injured. The trooper moved to dismiss the complaint on the grounds that the circuit court lacked subject-matter jurisdiction, relying upon section 35.9(m)(3) of the Civil Administrative Code (Ill. Rev. Stat. 1977, ch. 127, par. 35.9(m)(3)), the predecessor of section 35.9(l)(3) (Ill. Rev. Stat. 1979, ch. 127, par. 35.9(l)(3), which is applicable

---

[2]As a driver of a motor vehicle registered to the State, Crockett is considered a State employee only for purposes of section 35.9(h). Section 35.9(h) defines employee, *inter alia*, as:

"*** [A]ny other person while using a licensed motor vehicle owned, leased, or controlled by the State of Illinois with the authorization of the State of Illinois, provided the actual use thereof is within the scope of such authorization and within the course of State service." Ill. Rev. Stat. 1979, ch. 127, par. 35.9(h).

here.[3] The circuit court refused to dismiss the complaint, and the appellate court affirmed. The court noted that the statute in question concerns two situations:

> The first involves suits in tort against a State employee operating a vehicle covered by State self-insurance provisions; in this situation, the State shall defend, indemnify and hold the employee harmless against the tort claim, in any proper judicial forum. The second situation expressly involves claims against the State as a self-insurer, and requires those claims to be brought in the court of claims. (*Kaiser v. Emrich* (1980), 84 Ill. App. 3d 775, 776.)

The *Kaiser* court found that in the former case, jurisdiction was proper in the circuit court, while in the latter, the court of claims might have sole jurisdiction.

■ Crockett contends that the *Kaiser* case is inapplicable because section 35.9(m) was amended subsequent to the holding in *Kaiser*. We disagree. Although there are numerous amendments to the provision, the General Assembly retained the provision that "the State of Illinois shall defend, indemnify and hold harmless such employee against any claim in tort filed against such employee for acts or omissions within the scope of his employment *in any proper judicial forum* ***." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 127, par. 35.9.) It was this provision as well as the one referring to the court of claims upon which the *Kaiser* court relied. Crockett's interpretation of the statute would render the "any proper judicial forum" provision meaningless if the claims could only be filed in the Court of Claims. We do not believe the legislature intended its amendments to render that provision meaningless.

Crockett argues in his brief that Bartholomew's execution of a general release of claims against him and the State of Illinois bars this suit. We note that the understanding of the parties was that the release concerned only the claims for property damage. Nevertheless, Crockett raised the issue of the release as a defense. The record shows, however, that on February 22, 1983, Crockett withdrew the issue of the release from consideration by the court and the release is therefore not an issue in this appeal.

■ Lastly, Bartholomew argues that the court erred in dismissing her legal malpractice claim against her former attorneys and in ordering summary judgment in the attorneys' favor.

A motion for summary judgment will be granted if the plead-

---

[3] Section 35.9(l) is presently cited as Ill. Rev. Stat. 1983, ch. 127, par. 63b4(k).

ings, depositions and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Federal Deposit Insurance Corp. v. Maris* (1984), 121 Ill. App. 3d 894, 460 N.E.2d 367.) We believe the attorneys' right to summary judgment is clear and free from doubt. *Tunk v. Village of Willow Springs* (1983), 120 Ill. App. 3d 800, 458 N.E.2d 1132.

■ In order to state a cause of action for legal malpractice, the plaintiff must plead the existence of an attorney/client relationship; a duty arising from that relationship; a breach of that duty; causation and actual damages. *Cook v. Gould* (1982), 109 Ill. App. 3d 311, 440 N.E.2d 448; *Chicago Red Top Cab Association, Inc. v. Gaines* (1977), 49 Ill. App. 3d 332, 364 N.E.2d 328; *Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 278 N.E.2d 431.

■ Since damage is an element of a professional malpractice claim that is not presumed, Bartholomew bears the burden of pleading and proving that damages resulted. This burden entails establishing that "but for" the attorneys' negligence, the client would have successfully defended or prosecuted the underlying suit. *Zych v. Jones* (1980), 84 Ill. App. 3d 647, 406 N.E.2d 70; *Miller v. Schultz* (1977), 53 Ill. App. 3d 721, 368 N.E.2d 1141.

We agree that Bartholomew's claim against the Board for personal injuries is precluded because of her former attorneys' failure to file timely statutory notice of claim. However, this failure did not deprive Bartholomew of a cause of action for her personal injuries against Crockett. As we have held in this appeal, she has a valid cause of action against him for her personal injuries.

Since it is yet to be determined (by the trial court in her revived claim) whether Bartholomew may recover against Crockett, it is impossible to ascertain whether the attorneys' negligent conduct resulted in actual damages to her. Bartholomew will have sustained actual damages for a cause of action in legal malpractice only after she fails to recover or fails to fully recover on her personal injury claim against Crockett or if the release defense, which is not before us, is ultimately sustained.

■ On this basis, Bartholomew, in her complaint, failed to meet her burden of pleading sufficient facts showing that damages resulted from the attorneys' failure to file timely the statutory notice of claim for personal injuries against the Board of Trustees of the University of Illinois. (*Zych v. Jones* (1980), 84 Ill. App. 3d 647.) Without the element of actual damages, Bartholomew's cause of action for legal malpractice has not yet accrued and is therefore

nonexistent. (*Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009.) Accordingly, we hold that the court below properly found that Bartholomew failed to show that she suffered any damages as a result of the attorneys' conduct and summary judgment for the attorneys was properly granted.

For the aforementioned reasons, we reverse the summary judgment entered for defendant in count I and remand; and we affirm the summary judgment entered for defendants in count II.

Reversed and remanded in part and affirmed in part.

McGILLICUDDY and RIZZI, JJ., concur.