JOSEPH CURRIE, Plaintiff-Appellee, v. JOSE LAO, Defendant-Appellant.

Third District   No. 3—89—0501

Opinion filed June 22, 1990.

HEIPLE, P.J., specially concurring.

Neil F. Hartigan, Attorney General, of Springfield (Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellant.

McKeown Law Office, of Joliet (Timothy J. Rathbun, of counsel), for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Joseph Currie, age 51, brought this action in the circuit court of Will County against defendant, Jose Lao, a 27-year-old Illinois State trooper, for personal injuries and property damage arising out of an automobile collision. Defendant appeals from an adverse jury verdict, urging that this case is in reality an action against the

State of Illinois, hence may only be brought in the Court of Claims. Alternatively, defendant argues that he is protected by the common law doctrine of public official's immunity. We affirm.

Jose Lao was patrolling Interstate 80 when he received a radio dispatch to proceed to a nondomestic disturbance within the City of Joliet, an intoxicated person pounding on a trailer—something of that nature. He did not feel it to be an emergency. The City of Joliet police would normally have responded. It was dark. Lao was not familiar with local city streets, missed a turn, went the wrong way on a one-way street and collided in or near an intersection with a pickup truck driven by plaintiff. Lao testified that his flashing lights were operating and his siren was on. Currie said he didn't see or hear Lao's vehicle until immediately prior to the collision.

The occurrence took place on November 25, 1985, and this action was commenced in September of 1987. An assistant Attorney General entered defendant's appearance and filed a jury demand in December 1987. At the same time, defendant's attorney commenced the routine kinds of discovery appropriate for any negligence action. In April 1988, defendant filed an answer denying plaintiff's allegations of negligence and asserting the affirmative defense that plaintiff failed to yield the right of way to defendant's emergency vehicle, hence was guilty of contributory fault. Trial was set for October 1988, but reset for March 6, 1989, by agreement of the parties.

In January 1989, defendant's attorney sought leave to file a motion to dismiss, stating that he had become aware of the case of *Oppe v. Missouri* (1988), 171 Ill. App. 3d 491, 525 N.E.2d 1189, and that the cause should be dismissed because Jose Lao was immune from suit as a public official engaged in the exercise of a discretionary and uniquely governmental function. Although leave to file was allowed, that motion was denied.

The jury was instructed as to the relevant statutory provisions, sections 11—205 and 11—907 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—205, 11—907), governing any driver of an authorized emergency vehicle responding to an emergency call. The jury was advised that although such a driver may disregard traffic regulations, still he has a duty to drive "with due regard for the safety of all persons"; if the jury decided a party violated that statute, then it could consider that fact in determining whether or not the party was negligent. This instruction was ultimately drafted and tendered by counsel for defendant; plaintiff's position was that there was never any emergency; hence, there was no need for this instruction.

The jury found in favor of plaintiff and assessed total damages at

$28,310, but also that the plaintiff was guilty of contributory fault to the extent of 25%; the net verdict was $21,232.

The Attorney General argues for the first time on appeal that not only does Lao have public official's immunity but that the maintenance of this action in the circuit court rather than the Court of Claims is inconsistent with section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.8(d)), which gives that court exclusive jurisdiction to hear claims in tort against the State of Illinois. His position is that there is lack of jurisdiction of the subject matter in the circuit court; hence, this defense may be raised at any time.

■■ ■ It is fundamental that circuit courts have original jurisdiction over all justiciable matters. While the General Assembly may limit the power of a trial court substantively, it may not limit the court's power procedurally to construe statutory rights. Subject matter jurisdiction is the fundamental power to hear and decide a case; it exists where the court has jurisdiction over the class of cases to which the particular case belongs. (*Kemling v. Country Mutual Insurance Co.* (1982), 107 Ill. App. 3d 516, 437 N.E.2d 1253; *Campbell v. White* (1989), 187 Ill. App. 3d 492, 543 N.E.2d 607.) The judgment entered below was not subject to collateral attack. Although we reject the assertion of lack of jurisdiction of the subject matter, still the contention was made in the court below that Lao was performing a uniquely governmental function. Accordingly, we address the argument now made.

The 1970 Illinois Constitution abolished sovereign immunity, "[e]xcept as the General Assembly may provide by law." (Ill. Const. 1970, art. XIII, §4.) The legislative response to that change is found in section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1987, ch. 127, par. 801), which provides in relevant part that "the State of Illinois shall not be made a defendant or party in any court." The first issue then is whether the instant action is, in reality, an action against the State of Illinois.

■ In order to answer the foregoing inquiry, we are required to examine the issues involved and relief sought. (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240.) If the State of Illinois is the party vitally interested in the outcome, then the statutory prohibition above described comes into operation and a suit in the circuit court cannot be maintained. (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.) However, the statutory immunity given the State of Illinois affords no protection to an agent or employee of the State who acts in violation of statutory or constitutional law or in excess of his authority. In such circumstances, an action may be brought in the circuit court. (*Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d

169, 470 N.E.2d 1029; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 470 N.E.2d 228.) A reading of the majority and dissenting opinions in *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863, demonstrates that the foregoing principles are more easily stated than applied.

*Kaiser v. Emrich* (1980), 84 Ill. App. 3d 775, 406 N.E.2d 207, approved a circuit court action where an automobile negligence case was brought against an on-duty Illinois State trooper with the same circumstances as exist in the instant case, except that here, we know Lao was driving to the scene of possible criminal activity, whereas in *Kaiser* there was a simple intersection collision. The court relied upon a provision of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1987, ch. 127, par. 63b4(k)), which read as follows:

" 'Whenever and to the extent that a State employee operates a motor vehicle or engages in other activity covered by self-insurance under this Section, the State of Illinois shall defend, indemnify and hold harmless such employee *against any claim in tort filed against such employee* for acts or omissions within the scope of his employment *in any proper judicial forum* \*\*\*.' [Emphasis added.]" (*Kaiser*, 84 Ill. App. 3d at 776, quoting Ill. Rev. Stat. 1977, ch. 127, par. 35.9(m)(3).)

The *Kaiser* court ruled that the word "forum" includes circuit courts; hence, the motion to dismiss was properly denied.

Other appellate court cases involving negligence actions against Illinois State troopers include *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 475 N.E.2d 1035, *Oppe v. Missouri* (1988), 171 Ill. App. 3d 491, 525 N.E.2d 1189, and *Campbell v. White* (1989), 187 Ill. App. 3d 492, 547 N.E.2d 607.

The *Bartholomew* opinion (*Bartholomew*, 131 Ill. App. 3d 456, 475 N.E.2d 1039) follows closely the rationale of *Kaiser* and emphasizes that the alleged acts of negligence were not incurred solely by virtue of the defendant's employment but rather arose out of the duty that one automobile driver owes to another.

In *Oppe*, the plaintiffs encountered a road block made up of a vehicle operated by a local officer and a vehicle operated by a State trooper. Other police officers were involved in a high-speed chase seeking the capture of an escapee from a Missouri correctional institution. The escapee's vehicle became airborne at the site of the road block and landed on plaintiffs' vehicle. The vital difference between *Oppe* and the instant case is that in *Oppe* there was no negligent operation of a vehicle on a highway by any State trooper. Dismissal of the *Oppe* complaint might also have been sustained upon the alterna-

tive basis that the negligence allegations were mere conclusions, insufficient to state a cause of action. We also note that the action was permitted to proceed against the police officers employed by units of local government.

*Campbell* involved a high-speed chase at night on an interstate highway by a State trooper in a "covert" operation; plaintiffs' decedent was the object of the chase. The issue on appeal was whether a default judgment might be set aside. No allegation was made that the trooper was acting beyond the scope of his duties or authority. The cause was remanded to, among other things, determine whether the trooper violated an existing policy of the Department of Law Enforcement concerning high-speed pursuit without oscillating lights.

Since the briefs were filed, the Illinois Supreme Court has decided *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240. In *Healy*, plaintiff was injured while a member of the Northern Illinois University gymnastics team. Plaintiff asserted that her injury was caused by the negligence of certain athletic directors, a gymnastic's coach, and a gymnastic's team trainer (Wayne Vaupel). The trial judge was of the view that the action was against the State of Illinois, but felt bound by *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131 (an inmate was allowed to sue his prison physician for malpractice in the circuit court), and certified for interlocutory review the question of whether there should be a dismissal on the ground that only the Court of Claims had jurisdiction. The supreme court discussed the above principles and ruled that exclusive jurisdiction was in the Court of Claims because there was no allegation that any defendant acted outside the scope of his authority or in violation of law. (*Healy*, 133 Ill. 2d at 311, 549 N.E.2d at 1248.) The court also discussed what appear to be special circumstances for highway negligence actions, remarking as follows:

> "We note the existence of an analogous line of cases, in which the appellate court, citing *Madden*, has allowed actions against State employees for the negligent operation of motor vehicles to proceed in circuit court on the theory that the duty of care owed by a driver exists independently of any employment relationship. (See, *e.g., Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 462-63[, 475 N.E.2d 1035]; *Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 183-84[, 386 N.E.2d 1141].) ***

> *** [W]e decline to extend *Madden* to the present case. Essential to the court's holding in *Madden* was the view that the duty of care owed by the physician arose independently of his

status as an employee of the State; that conclusion may be said to rest on the special nature of the doctor-patient relationship. We do not believe that the same conclusion may be reached here. The relationship between the plaintiff and the defendants would not have had a source outside the employment status of the defendants. Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in university-sponsored activities." *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 312-13, 549 N.E.2d 1240, 1249.

■ Chapter 11 of the Illinois Vehicle Code sets out comprehensive rules for the operation of motor vehicles on Illinois highways. Via section 11—205 (Ill. Rev. Stat. 1987, ch. 95½, par. 11—205), that code is made applicable to all drivers, including all vehicles owned or operated by the United States, the State of Illinois or any municipality. Jose Lao, as the operator of an "authorized emergency vehicle," was still required to drive that vehicle "with due regard for the safety of all persons." The duty of care owed by Lao to plaintiff arose independently of Lao's status as an employee of the State of Illinois. Further, the *Healy* decision does not require an abandonment of the principles set out in *Bartholomew*.

The State, in its role as an employer, has voluntarily established a self-insurance program. We are unable to say, however, that the State of Illinois is vitally interested in how the jury decided this particular case. See *Sass v. Kramer* (1978), 72 Ill. 2d 485, 381 N.E.2d 975.

The argument of the Attorney General includes an assertion that the recruiting of Illinois State troopers will be hampered by a decision affirming the jury verdict in the instant case. Nothing in the record supports a contention of this nature, nor is any appropriate study or other authority cited.

We next turn to the argument that defendant was performing a uniquely governmental function, and hence, has common law public official's immunity. At the outset, we make the observation that police officers employed by units of local government have no such immunity even when engaged in a vehicular chase. *Arnold v. Village of Chicago Ridge* (1989), 181 Ill. App. 3d 778, 537 N.E.2d 823; *Oppe v. Missouri* (1988), 171 Ill. App. 3d 491, 525 N.E.2d 1189.

■ ■ The doctrine of public official's immunity rests on the principle that a public decision maker should be shielded from personal liability where he makes a judgment based on his perception of the public needs. Further, the duty owed is to the public generally, not an individual. (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246

N.E.2d 24.) Additionally, the conduct attributed to an individual defendant must be discretionary rather than ministerial. Admittedly, there may be difficulty in determining whether particular actions were discretionary or ministerial, and at times, the resolution of a particular case becomes a "policy decision." (*Christensen v. City of Bloomington* (1986), 147 Ill. App. 3d 702, 498 N.E.2d 259.) Here the duty was owed to Currie, not the public generally. Lao's conduct was not "discretionary"; he had total control over the operation of his vehicle.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, J., concurs.

PRESIDING JUSTICE HEIPLE, specially concurring:

The plaintiff, Joseph Currie, sued Jose Lao, an Illinois State trooper, for damages arising out of an automobile accident which occurred while the trooper was dispatched to a nonemergency disturbance in the City of Joliet. At the time of the accident, the trooper was driving the wrong way down a one-way street. The jury found the defendant trooper 75% negligent and awarded the plaintiff $21,232.50, which reflected a 25% reduction for comparative negligence.

On appeal, the defendant asserts for the first time that the doctrine of sovereign immunity and the doctrine of public official's immunity should bar the plaintiff's claim. Neither of these doctrines applies to the instant case since the trooper was not performing a uniquely governmental function. It is well settled that the negligent operation of a motor vehicle is not, as a matter of law, a uniquely governmental function. (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239.) Here, the defendant trooper, in response to a radio dispatch that an intoxicated person was pounding on the outside of a trailer, chose to drive to the incident by driving the wrong way down a one-way street. Public officials have a duty, as do all other persons operating motor vehicles on the public highways, not to drive in a negligent manner.

Accordingly, the trooper cannot be immunized from his negligent actions and the jury verdict should stand.