GLORIA HENDERSON, Indiv. and as Special Adm'r of the Estate of Robert S. Henderson, Deceased, Plaintiff-Appellant, v. BECKMAN TEXACO *et al.*, Defendants-Appellees.

Fifth District   No. 5—90—0229

Opinion filed June 5, 1991.

Jeanne L. Sathre and Mark T. McClosky, both of Lakin & Herndon, P.C., of Wood River, for appellant.

Roland W. Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee Lyle Weems.

Teresa E. Kessler, of Reed, Armstrong, Gorman, Coffey, Thomson, Gilbert & Mudge, of Edwardsville, for appellees Beckman Texaco and David A. Beard.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Gloria Henderson, as special administrator of the estate of Robert S. Henderson, deceased, brought an action in the circuit court of Marion County to recover damages from defendants, Beckman Texaco, David A. Beard, Lyle Weems, and Salem Holiday Inn, under the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*). Plaintiff also sought damages individually from defendant Salem Holiday Inn pursuant to the Dramshop Act (Ill. Rev. Stat. 1987, ch. 43, par. 135). Service of process against defendant Salem Holiday Inn was quashed, and, in separate orders, summary judgment was entered against plaintiff and in favor of the remaining defendants. Plaintiff now appeals, and the sole issue before us is whether the circuit court's orders granting summary judgment were proper. For the reasons which follow, we hold that they were. We therefore affirm.

Under Illinois law, summary judgment is proper where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*O'Brien v. Rogers* (1990), 198 Ill. App. 3d 341, 344, 555 N.E.2d 1005, 1007.) Here, those materials showed that on the night of Sep-

tember 12, 1984, defendant Lyle Weems, an Illinois State trooper, was patrolling U.S. Highway 57, a multilane, divided highway, near Salem. Weems was traveling north on the highway when he spotted an automobile proceeding at a high rate of speed in the southbound lanes. Weems attempted to make a U-turn across the center median so that he could pursue this vehicle. However, the median was wet, and Weems' patrol car became stuck. The patrol car came to rest completely within the median. No part of it touched the highway.

When Weems realized that he would not be able to extricate the patrol car himself, he radioed for help. Beckman Texaco was summoned, and it dispatched David Beard to the scene in a tow truck. When Beard arrived, he positioned his tow truck on the shoulder of the southbound lanes adjacent to the median. The tow truck was facing north with its headlights on. Weems testified in his deposition and in an affidavit that the tow truck's yellow emergency lights were flashing. This was also indicated in a police report which Weems had prepared. Although a different police report evidently made no mention of the emergency lights, that report was not in the record, and there was no evidence that the emergency lights were not, in fact, in operation.

Weems and Beard had both exited their vehicles and were standing nearby when an automobile operated by the plaintiff's decedent drove off the roadway and crashed into the front of the tow truck. The force of the collision proved fatal to plaintiff's decedent. In her complaint, plaintiff contends that Lyle Weems should be held liable for the decedent's death because he was negligent in that he:

> "a. Failed to display warning lights or flashers on his police car to warn oncoming motorists of hazardous conditions existing at the site of the stuck police car;
>
> b. Failed to place flares, markers or other warning devices so as to warn oncoming motorists of the presence of the tow truck and police car on the highway;
>
> c. Failed to insure that the tow truck did not extend onto the highway while towing the police car from the medium [*sic*]."

In the circuit court, Weems moved for summary judgment in his favor on the grounds that, although he is the nominal defendant, the suit is actually against the State and has to be brought in the Court of Claims. In the alternative, he argued that, even if the suit were actually brought against him and not the State, he could not be held individually liable because of the common law doctrine of public official immunity. We shall consider each of these arguments in turn.

Article XIII, section 4, of the current State constitution states, "Except as the General Assembly may provide by law, sovereign immunity in this State is abolished." (Ill. Const. 1970, art. XIII, §4.) Pursuant to that constitutional grant of authority, the legislature has acted to reinstate sovereign immunity. Section 1 of "An Act in relation to immunity for the State of Illinois" provides:

"Except as provided in the 'Illinois Public Labor Relations Act', enacted by the 83rd General Assembly, or except as provided in 'AN ACT to create the Court of Claims, to prescribe its powers and duties, and to repeal AN ACT herein named', filed July 17, 1945, as amended, the State of Illinois shall not be made a defendant or party in any court." Ill. Rev. Stat. 1987, ch. 127, par. 801.

The Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, pars. 439.1 through 439.24—9) establishes a Court of Claims to serve as a forum for actions against the State. Section 8 of the Court of Claims Act provides:

"The court shall have exclusive jurisdiction to hear and determine the following matters:

\* \* \*

(d) All claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit \*\*\*; provided, that an award for damages in a case sounding in tort, other than certain cases involving the operation of a State vehicle described in this paragraph, shall not exceed the sum of $100,000 to or for the benefit of any claimant." Ill. Rev. Stat. 1987, ch. 37, par. 439.8.

■ Under the express terms of this statute, any suit sounding in tort against the State must be brought in the Court of Claims. (*Oppe v. State of Missouri* (1988), 171 Ill. App. 3d 491, 493, 525 N.E.2d 1189, 1191.) In this case, the State has not been named as a defendant. Plaintiff's complaint purports to seek recovery only from Weems individually. This, however, is not dispositive. Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought. (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247.) Accordingly, the prohibition "against making the State of Illinois a party to a suit cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vi-

tally interested." (*Sass v. Kramer* (1978), 72 Ill. 2d 485, 491, 381 N.E.2d 975, 977.) On the other hand, sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority. In such instances, an action may be brought in circuit court. *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 308, 549 N.E.2d 1240, 1247.

As noted earlier in this opinion, plaintiff's complaint here charges Weems with failure to display warning lights or flashers on his police car to warn oncoming motorists of its presence after it had become stuck. Plaintiff similarly claims that Weems failed to place flares, markers, or other warning devices "so as to warn oncoming motorists of the presence of the tow truck and police car on the highway." Finally, plaintiff alleges that Weems "[f]ailed to insure that the tow truck did not extend onto the highway while towing the police car from the medium [*sic*]." None of these allegations, however, suggests that in proceeding as he did Weems acted outside the scope of his authority or in violation of the law. In support of his motion for summary judgment, Weems actually adduced evidence which showed that his decision not to set out flares or to use the emergency lights on his vehicle was discretionary and did not violate any policy of the Illinois State Police. Plaintiff offered nothing to rebut this evidence.

■ Because plaintiff has failed to allege that Weems acted in violation of statutory or constitutional law or in excess of his authority, her claim cannot be brought in circuit court. Exclusive jurisdiction over her action must lie in the Court of Claims. (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 311, 549 N.E.2d 1240, 1248.) Plaintiff attempts to avoid this conclusion by arguing that the alleged acts of negligence committed by Weems were not incurred solely by virtue of his employment, but rather arose out of a common duty that automobile operators owe to the public generally which is independent of the fact of State employment. (See *Currie v. Lao* (1990), 198 Ill. App. 3d 625, 556 N.E.2d 318, *appeal allowed* (1990), 133 Ill. 2d 553, 561 N.E.2d 688; *Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 475 N.E.2d 1035; *Kaiser v. Emrich* (1980), 84 Ill. App. 3d 775, 406 N.E.2d 207.) This argument is untenable.

■ Even if Weems could be said to have been "operating" his vehicle at the time of the accident, it is by no means clear under our supreme court's recent decision in *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240, that a breach of the foregoing duty, standing alone, would be sufficient to permit a suit in circuit court absent additional allegations that the agent of the State who has been sued acted in violation of statutory or constitutional law or in excess of his au-

thority. In any case, we do not agree that the alleged acts of negligence committed by Weems can be divorced from his status as a State Police officer. For example, plaintiff charges him with negligence in operating the warning lights on his police car, but the failure to properly operate lights on a police car is obviously something of which only a policeman could be guilty. The same is true of plaintiff's allegations that defendant failed to make sure that the tow truck did not extend onto the highway and failed to place flares at the scene. These allegations are premised on the assumption that Weems had the authority to control the accident scene and the attempts by the tow truck to remove his vehicle. However, if such authority existed, it was only because Weems was a State policeman. An ordinary motorist would not be expected to exercise such control.

In sum, Weems' status as a police officer is central to the liability plaintiff seeks to impose on him. The specific acts of negligence alleged revolve around conduct uniquely related to Weems' State employment. Weems was acting within the scope of his authority and not for some other purpose unrelated to his employment. The actions complained of were within his normal and official functions as an agent of the State and violated neither a statute nor the constitution. We must therefore agree with the circuit court that the action was only nominally against the individual State Police officer and was in reality a suit against the State which was required to be brought in the Court of Claims. See *Campbell v. White* (1991), 207 Ill. App. 3d 541, 552, 566 N.E.2d 47, 54.

In reaching this conclusion, we are mindful of the provisions of section 64.1(k) of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1987, ch. 127, par. 63b4(k)), which states:

> "Whenever and to the extent that a State employee operates a motor vehicle or engages in other activity covered by self-insurance under this Section, the State of Illinois shall defend, indemnify and hold harmless such employee against any claim in tort filed against such employee for acts or omissions within the scope of his employment in any proper judicial forum ***."

This statute, however, was not intended to have a jurisdictional effect (see *Campbell v. White* (1991), 207 Ill. App. 3d 541, 566 N.E.2d 47), and we therefore do not believe that it can be viewed as substantively modifying the jurisdiction of the Court of Claims.

Weems argued, in the alternative, that the circuit court correctly granted summary judgment in his favor because he was protected by the doctrine of public official immunity. The merits of this argument need not be addressed. It is well established that common law public-

official immunity, where it applies, shields individual law enforcement officers from personal liability. As we have just concluded, however, plaintiff's cause of action was actually against the State, not Weems individually. Accordingly, whether Weems could have availed himself of the public official immunity doctrine is irrelevant.

The circuit court was also correct in granting summary judgment in favor of defendants Beckman Texaco and David Beard, the owner and operator of the tow truck. Plaintiff claimed in her complaint that Beckman Texaco and Beard were negligent in that they parked the tow truck in such a way that it extended "out into the highway upon which motorists travel." The evidence adduced by defendants, however, established that the tow truck was, in fact, on the shoulder of the highway. No portion of it lay upon the roadway where motorists traveled. Plaintiff offered nothing to refute this.

Plaintiff further alleged that Beckman Texaco and Beard were negligent in that Beard failed to turn on the "flashers or warning lights on the tow truck to warn oncoming motorists of the presence of the tow truck." We have already noted, however, that the undisputed evidence established that the yellow warning lights on the tow truck were, in fact, in operation at the time of the collision. There is no genuine issue as to this fact.

Finally, plaintiff alleged that Beckman Texaco and Beard were negligent in that Beard failed to "place flares or other warning devices on the highway so as to warn oncoming motorists of the presence of the tow truck." That flares or warning devices were not placed on the highway by Beard is not disputed. However, Beard was not the driver or operator of the disabled vehicle, but rather the operator of the tow truck aiding the disabled vehicle. We know of no authority suggesting that the operator of a tow truck who is involved in the towing of a disabled vehicle is under any duty to display flares or other warning devices. See *Salinas v. Werton* (1987), 161 Ill. App. 3d 510, 517, 515 N.E.2d 142, 146.

Even if there were some basis for finding that defendants Beckman Texaco and Beard had breached some duty to plaintiff by failing to operate warning lights or display flares, summary judgment in favor of those defendants was nevertheless proper. To prevail on a claim for common law negligence brought under the Wrongful Death Act (Ill. Rev. Stat. 1987, ch. 70, par. 1 *et seq.*), one must show not only the existence of a duty owed by the defendant to the decedent, and a breach of that duty, but also that the injury was proximately caused by the breach. (*Salinas*, 161 Ill. App. 3d 510, 514, 515 N.E.2d 142, 144.) Proximate cause can only be established when there is a

reasonable certainty that the defendant's acts caused the injury. Liability cannot be predicated upon surmise or conjecture as to the cause of the injury. Correspondingly, although a plaintiff may rely on reasonable inferences which may be drawn from the facts considered on a motion for summary judgment, an inference cannot be established on mere speculation, guess, or conjecture. (161 Ill. App. 3d 510, 514-15, 515 N.E.2d 142, 144.) In this case, there is nothing in the record to support any inference that defendants' alleged failure to turn on flashers or warning lights or to place flares or other warning devices contributed in any way to the collision which caused the decedent's death.

For the foregoing reasons, the judgment of the circuit court of Marion County is affirmed.

Affirmed.

WELCH and LEWIS, JJ., concur.