John Creamer, Flora White and Truman Foster, Plaintiffs-Appellees, v. Aude Rude, Defendant-Appellant.

**Gen. No. 62–M–14.**

Fourth District.
September 22, 1962.

150

Donald R. Mitchell and Bill F. Green, of Murphysboro, for appellant.

Ralph W. Harris, of Marion, and Jack Williamson, of Vienna, for appellees.

HOFFMAN, JUSTICE.

This suit was filed to recover damages for personal injuries sustained by the plaintiffs arising out of an accident which occurred when the motor vehicle in which they were riding collided with a State Highway Maintenance truck being operated by the defendant. The cause was tried before a jury solely on the question of ordinary negligence, no wilful and wanton count being presented. Judgments in favor of the plaintiffs upon the verdicts were entered by the trial judge and it is from these judgments that this appeal is taken.

The facts are these: On the night of February 27, 1960 at approximately 11:00 o'clock p. m. the defendant, a highway maintenance employee of the State, was operating a State Highway maintenance truck removing snow from and spreading cinders along U. S. Route 45 in Johnson County, Illinois. The truck was equipped with a snow plow in front and cinder spreader in the rear and the defendant's helper rode with the defendant who was driving. The weather conditions were very bad and driving was hazardous; the highway and shoulders were covered with snow and ice. While the defendant drove, the helper operated the plow.

While clearing the snow along this highway they came upon a semitrailer truck stalled in the other lane about halfway up a long grade. The wheels of the trailer truck couldn't get enough traction to make

151

the climb. Upon seeing this stalled truck, the defendant stopped the highway truck opposite the stalled vehicle and the defendant's helper got out of the State truck and threw cinders under the drive wheels of the stalled vehicle. This enabled the trailer truck to move a few feet up the grade, whereupon the helper obtained more cinders from a pile along the east side of the road and threw them under the drive wheels. This procedure was repeated a number of times and the semi moved slowly up the hill. All of this time the defendant remained in the cab of the State truck stopped on the highway in the other lane.

The trailer truck was equipped with 2 headlights, 2 lights on the cab, 2 blinkers, one on each fender, all of which were on at the time. The State truck had a cluster light pointing to the rear, an amber flasher light which revolved, a red taillight, and a red stop light, all on at the time.

After the trailer truck had moved up the hill about 20 to 60 feet beyond where the State truck was stopped, and while defendant's helper was still spreading cinders under the trailer truck's wheels, the plaintiff and his passengers came down the grade in the lane of the State vehicle at a speed of 25 to 30 miles per hour. The plaintiff testified that the lights of the trailer truck blinded him and after he passed this truck, he collided with the State truck in his lane.

The defendant rests this appeal on 2 grounds: (1) that the judgment of the trial court should be reversed outright for the reason that the defendant is not liable to plaintiffs unless he is guilty of wilful and wanton misconduct; and (2) that the court incorrectly instructed the jury.

With regard to the first ground, the defendant contends that certain acts and duties performed by employees of the State of Illinois are so closely associated with the welfare of the general public, and are

152

of such magnitude, that the public must rely upon the State to perform these functions; that these particular functions are considered governmental in nature rather than merely proprietary or ministerial; and that the removal of ice and snow from the main traveled highways of the State of Illinois is such an unusual function that while performing that duty, the defendant is not held liable for ordinary negligence. He does not contend that the doctrine of governmental immunity applies to him nor does he contend that drivers of highway maintenance trucks in all situations can be held liable only for wilful and wanton misconduct. He argues from the Supreme Court's opinion in Mower v. Williams, 402 Ill 486, 84 NE2d 435, that "due to the fact that his duties were such that he was classed as a governmental officer, he could not be held liable for mere errors in judgment or ordinary negligence but was liable only for actions constituting wilful and wanton misconduct."

We have carefully examined the Mower opinion, and the opinions in Hering v. Hilton, 12 Ill2d 559, 147 NE2d 311 and Pree v. Hymbaugh, 23 Ill App2d 211, 162 NE2d 297, which followed after the Mower case. These cases represent, in Illinois, the latest thinking of our Supreme Court and of the Appellate Court, Third District, upon the question involved here. There is no point in rehashing the facts of these cases and re-analyzing their holdings. Suffice it to say that we conclude from these cases that the holding of the trial judge permitting the plaintiffs to go to the jury against this State employee on ordinary negligence grounds alone represents the present view in Illinois and was correct.

And sound reasoning is found elsewhere to support this conclusion. We have held that a policeman in pursuit of a traffic violator is liable for injury caused by ordinary negligence. In the case of Moore v. Cook,

153

22 Ill App2d 48, 159 NE2d 496, this court had before it such a case. It was then argued that since this was a governmental function, the policeman's ordinary negligence had no application. We refused to accept the argument and held that in such a situation, ordinary negligence was the test. This did not mean that the jury could not consider the peculiar facts of the case, but the holding was that those peculiar facts did not change the general rule.

Such, too, is the general rule with regard to the conduct of a policeman who injures a person in a traffic mishap. See 60 ALR2d 890, sec 5, Police-Liability for Injury. Is a policeman in the performance of his duty less engaged in a governmental function than a highway maintenance employee?

A worker who must be on the highway while repairing or constructing a highway may have a special status because of his job but it is held that he must exercise ordinary care for his own safety. In 5 ALR 2d 769 appears a discussion on injury to persons working in streets. There it is stated that while it is recognized that such a worker has a special status, his duty is to "exercise only that care which an ordinarily prudent man, similarly employed in the highway, would and could take to avoid injury by passing vehicles." This, like IPI's instruction on negligence (see No 10.01) permits a consideration of the conduct of persons similarly situated.

 In 30 ALR2d 1019 is a discussion of liability for injury incident to towing other motor vehicles. There it is stated on page 1025:

"Each of the cases considered in this annotation supports, as direct or inferential authority, the general proposition that since towing ordinarily is the only way or the most practical way of getting a motor vehicle which is disabled or not

operating under its own power to the desired destination, the presence of the towing and towed vehicles on the highway for that purpose is not negligence per se; but the towing operation requires the exercise of that care which ordinarily prudent persons would exercise *under the existing conditions or circumstances. . . ."*

Again, it is noted that special circumstances, while to be considered, need not operate to change the general rule.

█ In the case of injuries caused by firemen while performing their duties, the Statutes make the municipality liable for ordinary negligence but limits the firemen's liability to wilful and wanton conduct. See: Ill Rev Stats 1961, chap 24, sec 1–4–4 and chap 127½, sec 46. No special statute such as this, however, pertains to or covers highway employees.

There is no sound judicial reason why a governmental highway employee should be expected to act less as an ordinary prudent man than a person not so employed. The rule of *ordinary care under similar circumstances* is one which permits due consideration of the fact that defendant, here, may have been carrying out the duties of his employment at the time, and that snow plowing and removing stalled cars is of vital interest to the general welfare.

We now turn to defendant's 2d point. A statute of this state provides that the provisions of the Motor Vehicle Act shall not apply to persons operating motor vehicles and other equipment while such persons and/or equipment are actually engaged in work upon the surface of the highway. (Ill Rev Stats 1961, c 95½, § 120(d).)

█ Whether or not a State highway employee is "actually engaged in work upon the surface of the highway" at the time of an alleged occurrence, so as

155

to come under the provisions of this statute may, or may not, according to the circumstances, be a question of fact. Instruction IPI No 71.04 is based upon this statute.

Another instruction in IPI, No 60.01 provides for advising the jury that certain statutes were in force and effect at the time of an occurrence and informs the jury that they may consider the violation of such a statute in determining whether or not the defendant was negligent.

■ Obviously this instruction No 60.01 may not be given if the defendant is absolved from compliance with the statute referred to in the instruction. In other words, the jury may not be told that they may consider the violation of a section of the Motor Vehicle Act in determining negligence, if the defendant is under the protection of the aforesaid Section 120(d). To do so, in our opinion would be clear reversible error.

■ On the other hand, if there was no question of fact but what a State employee was *not* at the time of the occurrence "actually engaged in work upon the surface of the highway," it would be improper to deny giving IPI No 60.01.

■ And in the event that there was a question of fact as to whether a person was "actually engaged in work upon the surface of the highway," both instructions would have to be given to properly instruct the jury. In the instant case, the trial judge, over objection, gave IPI No 60.01, advising the jury that there was a statute (Ill Rev Stats 1961, c 95½, § 185(a)) in force at the time of the occurrence which provided that no person shall stop, park or leave standing any vehicle upon the paved or main traveled portion of the highway, etc., and further advising them, in the words of the recommended instruction, that if they decided that the defendant violated the statute on the

156

occasion in question they might consider that fact together with all the other facts and circumstances in evidence in determining whether or not the defendant was negligent. No instruction similar to IPI 71.04 was tendered.

■ ■ The evidence clearly establishes that at the time of, and immediately prior to, the collision, the defendant was actively engaged in work upon the surface of the highway. He had been plowing snow and ice on U. S. Route 45 and when he arrived at the scene of the stalled semi-trailer truck, his snow plow was still down. At the time of the collision his helper was shoveling cinders under the stalled vehicle from the cinder piles on the east side of the highway. Immediately prior to that, defendant's helper had spread cinders from the State maintenance truck under the drive wheels of the stalled semi-trailer. Clearly, in our opinion, there was no question of fact to be resolved. The defendant was "actually engaged in work upon the surface of the highway." The instruction given told the jury that it could consider the defendant's violation of the Statute in determining whether or not he is negligent. This constituted, in our opinion, reversible error, and we must, for this reason, reverse and remand for a new trial.

■ The plaintiff attempts to justify the trial court's position by showing that the defendant was covered by a public liability insurance policy. He then argues from those cases which hold that a government employee's immunity vanishes to the extent that the judgment is covered by such insurance. We do not quarrel with this proposition, but we answer by saying that it does not bear upon the problem. We are reversing because we say that the jury was not properly advised pertaining to the law which applied to defendant's actions. Had the jury been told that the defendant was not violating the law by standing

157

and stopping upon the highway, a very different result might have been reached. Whether or not the defendant was covered by insurance had nothing to do with this.

 The position we take on the jury's instruction does not offend our holding on the applicability of ordinary negligence rules to the defendant's actions here, nor prevent a possible recovery. We point out that there are several allegations in the complaint, not based upon the Motor Vehicle Act, upon which plaintiff may stand on retrial. We only prohibit those allegations of negligence based upon violation of the Motor Vehicle Act.

Reversed and remanded.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.