(No. 6574)

HERBERT GARDNER, Claimant, *v.* HOWARD GRAUPE, Individually and as Agent, Servant and/or Employee of STATE OF ILLINOIS, and the STATE OF ILLINOIS, Respondent.

*Opinion filed June 29, 1979.*

DONALD G. ZERWER, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; DONALD YOUNG, Special Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant filed his claim as a result of an accident which occurred on June 2, 1972, at approximately 9:20 a.m. while Claimant was operating his motorcycle in a southerly direction on and along the Lake Street entrance ramp to the Edens Expressway. At a point where the entrance ramp merges with the southbound

lanes, Claimant struck the right rear of a State of Illinois dump truck which was being operated in a southbound direction on the Edens Expressway by Respondent's employee, Howard Graupe. At the time of the accident, Respondent's truck was proceeding in the most westerly lane of the Edens Expressway and had its emergency flashing lights in operation.

Claimant alleges that Respondent, Howard Graupe, veered his truck from the southbound curb lane of traffic on the Edens Expressway into the merging lane where Claimant's motorcycle was proceeding. The driver of the truck testified that he was driving at an exceedingly low rate of speed because sometime prior to the accident he had spotted a muffler lying near the curb and shoulder on the western most side of the expressway which he desired to pick up. He further testified that the motorcycle hit the right rear tire of his truck and that he did not see the motorcycle prior to impact.

In order for Claimant to recover, he must show he was free from contributory negligence, that the State of Illinois was guilty of negligence, and that the negligence complained of was the proximate cause of the accident.

This case is very similar to the case of *Kloese v. State of Illinois, 30 Ill.Ct.Cl. 4.* In that case, Claimant struck a truck belonging to the State which was on routine "ice and snow patrol" on the highway at the time of the accident. The evidence in that case, as in the present case, shows that the truck was well-lighted and that they were in operation at the time of accident. The weather was clear although the roads were snow covered. The truck stopped some distance ahead of Claimant and he was unable to stop his car before

colliding with the truck. In that case, Claimant alleged Respondent was negligent when he stopped his vehicle in the middle of a roadway without displaying parking or emergency lights, in violation of certain provisions of the "Illinois Motor Vehicle Act." This Court, in passing upon that case, used the following language:

"Notwithstanding the provisions of Section 120(f) of the "Illinois Motor Vehicle Act," however, a State employee engaged in work upon a highway is held to a standard of ordinary care in performing his work. *Creamer v. Rode*, 37 Ill. App. 2d 148, 185 N.E.2d 345 (1962); *Lusietto v. Kegan*, 107 Ill. App. 2d 239, 246 NE2d 24 (1969). Ferrucci was, therefore, obliged to perform his work upon the highway as would an ordinarily prudent person under similar circumstances."

The Court must conclude from the evidence before it, that Respondent's truck was being operated with adequate lights to warn the motoring public. In our view, Claimant's injuries were caused by his failure to keep a proper lookout and to keep his motorcycle under proper control.

This claim is hereby denied.