JAMI JO TOWNSEND, Plaintiff-Appellant, v. DONALD L. GAYDOSH, Defendant-Appellee (Kim M. Chatellier, Defendant).

Fourth District No. 4—89—0241

Opinion filed April 19, 1990.—Rehearing denied May 31, 1990.

340

Jerome Mirza & Associates, Ltd., of Bloomington (David V. Dorris, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The plaintiff appeals, pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), an order of the trial court granting defendant Gaydosh's motion to dismiss the complaint (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), with prejudice, as to him. The trial court held (1) by virtue of defendant being a State highway worker, he is expressly exempted from the statutory violations of the Illinois Vehicle Code (Code) alleged by the plaintiff and protected by sovereign immunity (Ill. Rev. Stat. 1985, ch. 95½, par. 11—205(f)), as he was acting within the scope of his employment; and therefore (2) the court could not find he violated any legal duty imposed on him individually; (3) the proceeding was, in reality, against the State; and (4) tort claims against the State must be pursued in the Court of Claims. The circuit court granted defendant Gaydosh's motion to dismiss as to him.

The record contains only one item of testimonial evidence, a deposition of defendant Donald Gaydosh submitted to the court by the plaintiff in connection with its motion to reconsider the granting of the motion to dismiss. According to this deposition, and an affidavit signed by the defendant, Gaydosh worked for the Illinois Department

of Transportation (DOT) as a highway maintenance man. On the day of the accident, December 15, 1986, Gaydosh arrived at work at 7:20 a.m. and received his work assignment, which was to burn high spots off the highway. As part of the work crew, Gaydosh was assigned to operate the highway grader. There were four men assigned to this job, Gaydosh, two flagmen, and a man who drove the "bump burner," which heats up and softens the pavement. The work site was near the intersection of Highways 136 and 29.

Gaydosh drove the grader to the work site without incident, arriving there at about 8:20 a.m., and parked on the shoulder of the road adjacent to the westbound lane of Highway 136, approximately 21 to 26 inches away from the road. The road ditch allegedly prevented him from pulling the grader farther from the road. Gaydosh then turned off his headlights and taillights, but left on the oscillating light. At this point, knowing (1) the flagmen were setting up the signs about two miles up the road, which would take about 10 minutes, and (2) the bump burner had not arrived at the scene, Gaydosh sat in the grader with the engine and oscillating light on and the grading blade tucked in the travel position under the tractor. According to Gaydosh, the temperature outside was below freezing, and it was a clear, dry day.

While Gaydosh waited for the other equipment to get into position so that he could begin his task, he decided to pour himself some coffee he had brought with him. During this time he never left the grader. Approximately five minutes after Gaydosh had parked the grader, a vehicle—with the plaintiff as passenger—hit the grader. The plaintiff alleged she sustained multiple injuries as a result of the crash.

In plaintiff's original complaint count I alleges negligence on the part of Gaydosh, in that he violated sections 11—1301 and 11—1304 of the Code by not pulling his grader off the road as far as practicable. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—1301, 11—1304.) The plaintiff also alleges the defendant failed to place proper warning signs or signals or post a flagman. Count II of the complaint alleges negligence against the driver of the vehicle and is not involved in this appeal.

Defendant's motion to dismiss was made pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—615, 2—619), and referenced section 11—205(f) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—205(f)). The trial court, on May 6, 1988, dismissed the plaintiff's complaint as it applied to Gaydosh, with leave to amend. The amended complaint added an alle-

gation that at the time of the accident defendant was taking a coffee break and traveling to the work site. Defendant Gaydosh renewed his motion to dismiss.

The court dismissed the case with prejudice on August 12, 1988, *nunc pro tunc* to August 2, 1988, based on lack of subject-matter jurisdiction. The plaintiff filed a motion to reconsider on August 24, and a hearing was granted. After reviewing the discovery deposition of Gaydosh submitted by the plaintiff, the court denied plaintiff's motion to reconsider and affirmed its prior order to dismiss Gaydosh as a defendant for the reasons stated in its May 6, 1988, order. The court granted plaintiff's motion pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal of the dismissal, and proceedings on count II were stayed pending the result of this appeal.

Section 11—205(f) of the Code provides an exemption from the Code for all "persons, motor vehicles and equipment while actually engaged in work upon a highway," with this exception not applying to "persons and vehicles when traveling to or from such work." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—205(f).) There is no dispute the defendant was employed by the State and was operating a motor grader, which is a piece of "[s]pecial mobile equipment," not used primarily for transportation of persons or property, but only incidentally operated or moved over a highway. (Ill. Rev. Stat. 1987, ch. 95½, par. 1—191.) The fact defendant was employed as a highway maintenance man for DOT and operated State-owned equipment at the time of the accident was established by an affidavit accompanying the defendant's motion to dismiss.

■■ ■ At the time of the accident, Gaydosh's activities were within his normal and official functions and activities as a highway maintainer. As such, his actions were a condition of his employment. Any obligations to the plaintiff resulting from such actions were incurred solely by virtue of his employment and, therefore, the suit should be deemed to be against the State. (*Gocheff v. State Community College* (1979), 69 Ill. App. 3d 178, 184, 386 N.E.2d 1141, 1145.) "Legal official acts of State agents, performed within the bounds of their official authority or duties, are normally considered acts of the State itself." (*Robb v. Sutton* (1986), 147 Ill. App. 3d 710, 713, 498 N.E.2d 267, 270.) Highway maintenance workers such as defendant have been held to be agents of the State, whose acts require official discretion and judgment. (*Mower v. Williams* (1949), 402 Ill. 486, 493, 84 N.E.2d 435, 438.) "[T]he determination whether an action is one against the State, and therefore one that must be brought in the

Court of Claims, does not depend on the formal identification of the parties. A plaintiff may not avoid the scope of the Court of Claims Act by the simple expedient of suing only individual defendants." (*Healy v. Vaupel* (1990), 133 Ill. 2d 295, 314-15.) Therefore, although the State itself is not a named party in the plaintiff's complaint, a cause of action against this defendant is one against the State itself.

■■ ■ The State of Illinois cannot be made a defendant or party in any court except under the exclusive jurisdiction of the Court of Claims. (Ill. Rev. Stat. 1987, ch. 127, par. 801.) "All claims against the State for damages in cases sounding in tort ***" are under the exclusive jurisdiction of the Court of Claims. (Ill. Rev. Stat. 1987, ch. 37, par. 439.8(d).) Therefore, since section 11—205(f) of the Code exempts defendant from the statutory obligations alleged by the plaintiff, and since any negligence cause of action against the defendant as an agent of the State must be brought in the Court of Claims (*Mora v. Illinois* (1977), 68 Ill. 2d 223, 228, 369 N.E.2d 868, 870), plaintiff's complaint must be dismissed, as to defendant Gaydosh, for lack of subject-matter jurisdiction.

The plaintiff argues the defendant was acting outside the scope of his employment, and liability resulted from defendant's own acts of negligence, so defendant can be held liable for such acts, and any claim of tort against a State employee can be held in any proper jurisdictional forum. For this she cites *Kaiser v. Emrich* (1980), 84 Ill. App. 3d 775, 776-77, 406 N.E.2d 207, 208-09. Yet, *Kaiser* deals specifically with a statute involving State employees covered by self-insurance, something not alleged here. (*Kaiser*, 84 Ill. App. 3d at 776, 406 N.E.2d at 208.) The plaintiff cites the rule that "non-governmental activities of State employees can form the basis of a negligence action in circuit court, and such claims are not required to be asserted in the Court of Claims." (*Bartholomew v. Crockett* (1985), 131 Ill. App. 3d 456, 462, 475 N.E.2d 1035, 1039.) The plaintiff contends this rule applies based on her contention defendant, at the time of the accident, was not yet engaged in the work assigned, but was simply sitting in his truck taking a "coffee break." Since the defendant Gaydosh was not actually engaged in the work at the time of the accident, and the act of parking is arguably an act of driving, plaintiff argues defendant was not covered by the statutory exemption discussed previously.

■ This case presents a difficult question as to when a highway worker is actually engaged in the work assigned, and whether a worker parked at the work site is actually engaged in driving to the site. Once a worker arrives at the construction or work site, he is actually engaged in the work. Section 11—205(f) of the Code was de-

signed to protect State workers from traffic violation liability while performing road work construction, *i.e.*, enabling the driver to drive the grader the wrong way on the wrong side of the road in order to repair and smooth over a bump on the pavement. While driving to the work site, the rules of the road apply, but once at the work site, the rules of road construction apply, during which the highway worker is afforded the statutory immunity of section 11—205(f).

■ Defendant Gaydosh, once he arrived at the scene, was no longer driving to the work site, but was actually engaged in the work, and therefore was immune from allegations based on Code violations. Defendant could not begin his part of the work assignment until the signs were in place and the bump burner arrived to soften the pavement. Since the defendant knew he had 10 minutes to wait, and the day was cold, it was reasonable he would pour himself a cup of coffee. Such an act cannot be reasonably called a coffee break so as to transform his conduct into a category of a nongovernmental activity.

This case is distinguishable from the cases the plaintiff cites which remove the State worker from sovereign immunity for acts of negligence occurring during or on the way to the work site. In all cases cited by the plaintiff, the negligent State worker was traveling to or between work sites. (*Bartholomew*, 131 Ill. App. 3d at 458, 475 N.E.2d at 1037; *Pree v. Hymbaugh* (1959), 23 Ill. App. 2d 211, 213, 162 N.E.2d 297, 298; *Gocheff*, 69 Ill. App. 3d at 180, 386 N.E.2d at 1142.) Plaintiff cites *Creamer v. Rude* (1962), 37 Ill. App. 2d 148, 152, 185 N.E.2d 345, 346, where the defendant State highway's snowplow and maintenance truck stopped on the highway to assist a semitrailer truck gain sufficient traction to get up a hill. The *Creamer* court held a jury instruction which allowed the jury to consider the statutory violation of the Illinois Vehicle Code was reversible error, in that such workers, even while doing what could arguably be called a "good Samaritan" act not required by the work assignment, and not actually plowing snow, were still actually engaged in their work at the time of the accident. (*Creamer*, 37 Ill. App. 2d at 157, 185 N.E.2d at 349.) The *Creamer* court then reversed and remanded the case to the trial court to determine whether the defendant was liable under common law negligence, since it determined such a governmental employee should be expected to act with the same prudence as a person similarly employed. *Creamer*, 37 Ill. App. 2d at 155, 185 N.E.2d at 348.

In *Creamer*, however, the fact pattern is decidedly different, since the *Creamer* defendants' actions were clearly beyond what the State employer assigned them to do, while this defendant was clearly doing what his work assignment required of him. Also, in *Creamer*, the is-

sue of whether such a cause of action against the State employee was properly before the court was never raised at the trial level and was not decided on appeal. Here, the trial court specifically dismissed the case on the basis of lack of proper jurisdiction. The defendant never disputed he should be held accountable for not exercising proper due care as a State highway worker. He simply argues he is exempt from the alleged statutory violation, any negligence claim cannot be based on such violation, and any common law tort claim must be brought before the Court of Claims. Therefore, the issue of jurisdiction was never before the appellate or trial court in *Creamer*, and *Creamer* is therefore not dispositive.

The trial court properly dismissed count I for lack of jurisdiction. Since this is dispositive, we need not discuss the issue of public official immunity.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.