WALLACE E. PRINCE *et al.*, Plaintiffs-Appellants, v. WILLIS McELROY *et al.*, Defendants-Appellees.

Third District   No. 3—89—0512

Opinion filed November 27, 1990.—Rehearing denied January 30, 1991.

John P. Nicoara, of Nicoara & Steagall, and Joseph R. Napoli, both of Peoria (Richard L. Steagall, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs allege·that on July 7, 1986, at 8:21 a.m., Wallace Prince was driving his vehicle at approximately 55 miles an hour westerly on an open highway, U.S. Route 150, in rural Knox County. As he approached the crest of a hill, he saw an Illinois Department of Transportation truck parked crossways in the road. He attempted to avoid collision, skidded on an accumulation of loose gravel, went off the road and his vehicle overturned. The named defendants (McElroy, the foreman, and Brown, Clark, Lopez, Pecsi, Schweitzer and Pyles, day laborers from a local laborers union hall hired on a temporary basis) were all employees of the Illinois Department of Transportation. At the time of the occurrence, all defendants were acting within the scope of their duties as State employees engaged in road repair work. The negligence allegations in plaintiffs' complaint were the fact of the truck being parked crossways on the road, no warnings of any kind or nature of the truck being so parked, nor any warnings of the accumulation of the gravel on the road.

Defendants moved to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) on the theory that the complaint failed to state a cause of action because they were protected by statutory sovereign immunity as well as the doctrine of common law public officials immunity. The circuit court dismissed the complaint with prejudice, noting that "the instant lawsuit is one which could control the actions of the State and thus, they enjoy sovereign immunity from suit in the circuit courts." Plaintiff appeal.

■ Sovereign immunity, "except as the General Assembly may provide by law," was abolished by the 1970 Illinois Constitution. (Ill. Const. 1970, art. XIII, §4.) The legislative response to that change, found in section 1 of "An Act in relation to immunity for the State of Illinois" (Ill. Rev. Stat. 1987, ch. 127, par. 801), provides in relevant part that "the State of Illinois shall not be made a defendant or party in any court." Section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1989, ch. 37, par. 439.8(d)) gives that forum exclusive jurisdiction to adjudicate claims against the State of Illinois.

■ The principal issue then is whether the naming of only individual employees of the Department of Transportation avoids the above statutory prohibition. Defendants make extensive use of the term "sovereign immunity," a concept derived from the ancient maxim that "the King can do no wrong." Not only does this beg the question, but the doctrine has been said to "rest[ ] upon a rotten foundation." (*Molitor v. Kaneland Community Unit District No. 302*

(1959), 18 Ill. 2d 1, 21, 163 N.E.2d 89, 94.) If the real claim were against the State of Illinois in the sense that the State is the party vitally interested, then the action must be brought in the Court of Claims. Accordingly, we must examine the issues involved and the relief sought. *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240.

■■ However, the above statutory immunity does not protect an agent or employee of the State who violates statutory or constitutional law or acts in excess of his authority. In such circumstances, an action may be brought in the circuit court. *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 308, 549 N.E.2d 1240; *Herget National Bank v. Kenney* (1985), 105 Ill. 2d 405, 475 N.E.2d 863; *Senn Park Nursing Center v. Miller* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029; *Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 370 N.E.2d 223.

In *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 549 N.E.2d 1240, the plaintiff was injured while participating in university-sponsored gymnastic activities. The defendants were athletic directors, a coach and a team trainer. All were employees of Northern Illinois University. That entity has the same protection via section 8(d) of the Court of Claims Act (Ill. Rev. Stat. 1989, ch. 37, par. 439.8(d)) as the State of Illinois. After discussing certain appellate cases, including *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131, where an action by a prison inmate against a physician employee of the State who was acting within the scope of his duties was allowed, the court remarked:

"We do not believe that the same conclusion may be reached here. The relationship between the plaintiff and the defendants would not have had a source outside the employment status of the defendants. Whatever duty was owed by the defendants to the plaintiff existed because of the plaintiff's status as a student and her participation in university-sponsored activities. For those reasons, we decline the plaintiff's invitation to extend the appellate court's holding in *Madden* to the present case." *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 313, 549 N.E.2d 1240.

■■ Wallace Prince, a plaintiff in this case, has the status of an Illinois motorist on a public highway. There is no prior relationship between him and any of the defendants, whereas, in *Madden* the physician-defendant owed a duty to his patient independent of his status as an employee of the State of Illinois. One difference between Wallace Prince and the student in *Healy* is that the student elected to be involved in gymnastics. The plaintiffs in the instant case are simply members of the general public who allege injury as a result of conduct by State employees. The approach in *Healy* is dispositive of this ap-

peal. Additionally, in *Townsend v. Gaydosh* (1990), 197 Ill. App. 3d 339, 554 N.E.2d 648, a complaint against a Department of Transportation maintenance employee alleging improper location of a road grader and failure to place proper warning signs was in reality determined to be a claim against the State of Illinois, hence maintainable only in the Court of Claims. Accordingly, the judgment below is affirmed.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.