WARREN J. OPPE *et al.*, Plaintiffs-Appellants, v. THE STATE OF MISSOURI *et al.*, Defendants (The Illinois Department of Law Enforcement *et al.*, Defendants-Appellees).

Fourth District   No. 4—87—0682

Opinion filed June 30, 1988.

Elmo E. Koos, Sr., of Peoria, for appellants.

Quinn, Johnston, Henderson & Pretorius, Chartered, of Peoria (W. Thomas Johnston and Dianne M. Wolfe, of counsel), for appellees Robert W. Jones and Michael Casey.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for other appellees.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiffs Warren and Theresa Oppe appeal from the orders of the circuit court of Woodford County dismissing portions of their 40-count complaint. Plaintiffs specifically contend that the dismissals of four counts of negligence against Robert Jones, sheriff of Livingston County, and Deputy Michael Casey were improper, particularly in

light of the fact that plaintiffs pleaded the existence of insurance. Plaintiffs also complain of the impropriety of the dismissal of all counts, negligence and wilful and wanton misconduct, pleaded against the State of Illinois Department of Law Enforcement and State troopers Edward Shoemaker, John Dittmer, Dan Falcomata and Robert Martin.

Plaintiffs' complaint, filed on March 25, 1986, alleges that on March 25, 1984, Warren Oppe was operating a vehicle in which his wife Theresa was a passenger. As their vehicle was traveling in an easterly direction along and upon Illinois State Route 116, they encountered a roadblock located approximately 150 feet east of Route 116's intersection with U.S. Route 51. The roadblock was comprised of one vehicle operated by Officer Riley of the City of El Paso and a second vehicle operated by Trooper Martin.

Vehicles operated by Shoemaker, Dittmer, Falcomata and Casey were involved in a high-speed chase of yet another vehicle traveling in a westerly direction along and upon Route 116 and operated by David Youngblood, an escapee from a Missouri correctional institution. Almost immediately upon plaintiffs' vehicle stopping for the roadblock, the vehicle driven by Youngblood also encountered the roadblock, became airborne and landed on plaintiffs' vehicle. Plaintiffs sued to recover damages for their injuries.

In this appeal, the question of tort immunity of the defendants is the primary issue. Although State employees may be liable for their negligent acts done within the scope of their employment, there are two rules which can render State employees immune from suit under some circumstances: (1) the requirement that actions against the State must be brought in the Court of Claims; and (2) the common law doctrine of public officials immunity. *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.

■■ ■ Any suit sounding in tort against the State must be brought in the Court of Claims. (Ill. Rev. Stat. 1987, ch. 127, par. 801; ch. 37, par. 439.8(d).) A suit against a State agency or its employees concerning matters in which the defendants represent the State in their actions and in liability is considered a suit against the State even though the State is not a formal party of record. (*Betts v. Department of Revenue* (1979), 78 Ill. App. 3d 102, 396 N.E.2d 1150.) In other words, the action is regarded as against the State if the State is really the party from which plaintiffs seek relief. (*Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.) Where, as here, the State has the duty to defend and may have a duty to indemnify the employee for any judgment awarded (Ill. Rev. Stat. 1987, ch. 127, par.

1302), then the action must be considered to be against the State. For this reason, the Court of Claims is the court of proper jurisdiction and the counts against the Department of Law Enforcement and the State troopers were properly dismissed by the circuit court.

The circuit court, having determined that it had no jurisdiction to proceed, need not have ruled that plaintiffs' actions against the State employees were also barred by public officials immunity because their conduct was discretionary. It would normally be for the Court of Claims to determine whether the actions of the defendants were essentially governmental in character, thereby rendering defendants immune from the civil proceedings initiated by plaintiffs. (See *Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.) However, since we must discuss this issue with regard to the sheriff and his deputy, we will discuss it as to all the individual defendants involved in this appeal.

As to the sheriff and his deputy, the Local Governmental and Governmental Employees Tort Immunity Act (Act) (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 *et seq.*) needs to be considered. Section 2—202 of that act specifically states, "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." (Ill. Rev. Stat. 1987, ch. 85, par. 2—202.) This wilful and wanton requirement applies where police officers are involved in high-speed chase situations. (See *Breck v. Cortez* (1986), 141 Ill. App. 3d 351, 490 N.E.2d 88.) However, section 9—103(c) of the Act provided:

"Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the *non-liability of the insured public entity* for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 85, par. 9—103(c).)

Although this statute has since been amended (Pub. Act 84—1431, art. 1, §2, eff. Nov. 25, 1986), at the time of the collision and at the time of the filing of the complaint, the law provided that, if the municipality secured insurance coverage against a particular liability, then the statutory immunity would be waived. (*Porter v. City of Urbana* (1980), 88 Ill. App. 3d 443, 410 N.E.2d 610.) Plaintiffs pleaded the existence of insurance, but wrongly rely on this argument in this case.

The statute does not affect the common law doctrine of public official immunity relied on here by defendants. The Act was created as a response to the decision in *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89, *cert. denied* (1960), 362 U.S. 968, 4 L. Ed. 2d 900, 80 S. Ct. 955, which abolished the common law principle of governmental immunity. So the Act reinstated governmental or sovereign immunity to some extent.

Sovereign or governmental immunity rests on the concept that an individual cannot sue the king unless the king allows it. The doctrine of public official immunity rests on the theory that government officials should not be impeded from acting in ways they perceive are in the public's best interest because of fears of personal liability. Even after *Molitor*, the courts have recognized the doctrine of public officials immunity. (*Lusietto v. Kingan* (1969), 107 Ill. App. 2d 239, 246 N.E.2d 24.) So while the County of Livingston can be sued for the wilful and wanton acts of its employees under section 2—202, the individual employees cannot be held individually liable to the extent their conduct is protected by the immunity.

■ The policy annunciated by the courts has been to protect the public official where his or her conduct is a good-faith exercise of discretionary, rather than ministerial, duties. (*Larson v. Darnell* (1983), 113 Ill. App. 3d 975, 448 N.E.2d 249.) However, this standard has been stretched and pulled to fit individual cases to the point that the immunity applies to the exercise of any governmental function, rather than a discretionary, nongovernmental function such as a maintenance person deciding where to drive a nail. (*Madden v. Kuehn* (1978), 56 Ill. App. 3d 997, 372 N.E.2d 1131.) And so the question to be asked is whether the activity of defendants was a uniquely governmental function.

■ In the case at bar, law enforcement officers attempting to apprehend an escaped criminal is a uniquely governmental function. Therefore, the public official immunity applies and the individual law enforcement officers cannot be personally liable to plaintiffs.

■ Plaintiffs argue that the granting of absolute immunity violates section 12 of article I of the Illinois Constitution of 1970, which states:

"Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." (Ill. Const. 1970, art. I, §12.)

Plaintiffs' remedy is against the State in the Court of Claims, and the municipality in the circuit court subject to the Local Governmental

and Governmental Employees Tort Immunity Act. Plaintiffs can have but one recovery for damages anyway. The concept discussed herein merely restricts the pockets from which plaintiffs can seek recovery to those most suitable and the circumstances under which recovery is appropriate in light of the public policy of the State of Illinois.

■ Plaintiffs also argue the existence of insurance on behalf of State policemen should remove any immunity they have. (See Ill. Rev. Stat. 1987, ch. 121, par. 307.17a.) This argument of plaintiffs fails to recognize the distinction between the governmental or sovereign immunity and the public officials immunity already discussed. The argument also has already been considered and addressed in *Mora v. State of Illinois* (1977), 68 Ill. 2d 223, 369 N.E.2d 868, wherein it was pointed out that there is no statute which says the existence of liability insurance in any way defeats a claim to public officials immunity.

For the foregoing reasons, the orders of the circuit court dismissing the negligent counts against defendants Jones and Casey and all counts as to the remaining defendants are affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.