**Olivia MOSLEY, Plaintiff,**

v.

**Steger Police Officer Terry La-MASTUS, Defendant.**

**No. 89 C 3072.**

United States District Court,
N.D. Illinois, E.D.

May 30, 1990.

Standish E. Willis, Chicago, Ill., for plaintiff.

Michael W. Tootooian, Ancel Glink Diamond Murphy & Cope, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Officer Terry LaMastus, for summary judgment, pursuant to Fed.R.Civ.P. 56(b), on the third-amended complaint of plaintiff, Olivia Mosley.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which support his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

On October 30, 1987, Officer LaMastus of the Village of Steger arrested Mosley while she was operating a motor vehicle. Mosley was charged with driving under the influence of alcohol, Ill.Rev.Stat. ch. 95–½, ¶ 11–501 (1987), failing to yield while turning left and operating a motor vehicle under a restricted driver's license without wearing corrective eye lenses.

Mosley's driver's license was summarily suspended. *See* Ill.Rev.Stat. ch. 95–½, ¶ 11–501.1 (1987). Mosley then filed a Petition to Rescind Statutory Summary Suspension. *See* Ill.Rev.Stat. ch. 95–½, ¶ 2–118.1 (1987). Pursuant to her petition, on January 8, 1988, a hearing was held in the Circuit Court of Cook County, Illinois,

Sixth Municipal District. The issues designated by Mosley in her Petition and addressed in detail at the January 8, 1988 hearing were whether Officer LaMastus had reasonable grounds to believe that Mosley was operating a motor vehicle while under the influence of alcohol and whether Mosley was properly placed under arrest. Mosley was represented by counsel and both she and Officer LaMastus testified at length. The Circuit Court denied Mosley's Petition to rescind the summary suspension of her driver's license. On July 19, 1988, Mosley was found not guilty of all charges and she subsequently commenced this civil action.

Mosley's third amended complaint contains two counts. Count I is brought pursuant to 42 U.S.C. § 1983 and asserts that her arrest was not supported by probable cause and thus was in violation of her rights under the fourth and fourteenth amendments. Count II asserts pendent state law claims for false arrest and imprisonment and malicious prosecution.

Officer LaMastus moves for summary judgment based upon collateral estoppel—the issue of whether Officer LaMastus had reasonable grounds (probable cause) to arrest Mosley for driving under the influence of alcohol has already been necessarily adjudicated in the course of the Circuit Court's denial of Mosley's Petition to rescind the statutory summary suspension of her driver's license, thereby precluding her from raising the same issue in her constitutional and state law claims.

 Once a court has actually and *necessarily* decided an issue of law or fact the doctrine of collateral estoppel precludes relitigation of the issue in a different action involving a party to the first case. Thus, the doctrine is only applied where the party against whom the decision is asserted had a full and fair opportunity to litigate the issue in the first case. *Allen v. McCurry*, 449 U.S. 90, 94–95, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). "[C]ollateral estoppel relieve[s] parties of the cost and vexa-

tion of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decision, encourage[s] reliance on adjudication." *Id.* Federal courts accord preclusive effect to issues decided by state courts. *Id.;* see 28 U.S.C. § 1738. Moreover, collateral estoppel may be applied to constitutional claims brought pursuant to § 1983, as well as to state law claims. *Allen*, 449 U.S. at 104, 101 S.Ct. at 420.

A review of the transcript of the hearing before the Circuit Court on Mosley's Petition to rescind the statutory suspension of her driver's license mandates the conclusion that Ms. Mosley had a full and fair opportunity to litigate the issue of whether Officer LaMastus had probable cause to arrest her.[1] Resolving the issue of probable cause for her arrest was one of the purposes of the hearing before the Circuit Court. It was thus necessarily decided. As noted above, Mosley was represented by counsel and both parties testified at length. Consequently, Mosley is collaterally estopped from relitigating this issue, as it has already been fully adjudicated in the prior state court proceeding. *See, e.g., Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir.1984). More importantly, the existence of probable cause is an absolute defense to Mosley's § 1983 and state law claims. *Guenther*, 738 F.2d at 889; *see also Friedman v. Village of Skokie*, 763 F.2d 236 (7th Cir.1985).

Accordingly, the motion for summary judgment is granted.

IT IS SO ORDERED.

---

1. The testimony of the parties under oath at the hearing also eliminates all genuine issues of material fact relating to any challenge to Officer LaMastus' initial "stop" of Mosley. It was also lawful.