**Edward M. JONES, Plaintiff,**

v.

**VILLAGE OF VILLA PARK and Officer James Bernardo, Defendants.**

No. 92 C 2044.

United States District Court, N.D. Illinois, E.D.

Jan. 19, 1993.

Nathan Benjamin Myers, Law Office of Ben Myers, Chicago, IL, for plaintiff.

Russell W. Hartigan and Keith A. Mandelski, Russell W. Hartigan & Associates, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Edward M. Jones brings this civil rights action pursuant to 42 U.S.C. § 1983 against Officer James Bernardo and the Village of Villa Park, Illinois, alleging violations of rights secured under the United States Constitution and Illinois common law. Bernardo and Villa Park now move for summary

judgment and, for the reasons set forth below, we grant the motion.

### I. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991).

### II. Background

It appears that the parties take contrasting views of the events transpiring on March 27, 1991, such events forming the basis of the present action. Jones' account of the events, however, is irrelevant to the instant motion. Rule 12(N) of the Rules of the District Court for the Northern District of Illinois provides that:

> Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise response to the movant's statement [filed pursuant to Rule 12(m)]. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (2) a statement, consisting of short numbered paragraphs, of any additional facts which require the de-

nial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

If the party opposing a motion for summary judgment fails to submit a timely 12(N) statement, the uncontroverted statements set forth in the movant's 12(M) statement are deemed admitted. *Wienco, Inc. v. Katahn Assoc., Inc.*, 965 F.2d 565, 567 (7th Cir.1992); *Appley v. West*, 929 F.2d 1176, 1179 (7th Cir.1991) (per curiam); *Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir.1990); *Herman v. Chicago*, 870 F.2d 400, 403–04 (7th Cir.1989). The Seventh Circuit has upheld strict enforcement of Rule 12(N), even in instances where the parties have not engaged in the type of repeated, wilful and recalcitrant conduct which ordinarily warrants a "pure default judgment." *See Wienco, Inc.*, 965 F.2d at 567–68; *Maksym v. Loesch*, 937 F.2d 1237, 1240–41 (7th Cir. 1991). Likewise, the fact that the summary judgment respondent has submitted an affidavit or other documentation that would otherwise create a genuine issue of material fact is irrelevant to the application of Rule 12(N). *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1102–03 (7th Cir.1990) (noting that summary judgment respondent's affidavit "[s]tanding alone ... would be sufficient to create genuine issues of material fact"). In the present case, Jones has failed to file a timely 12(N) statement and, hence, the allegations set forth in defendants' 12(M) statement—allegations which are bolstered by references to affidavits and other supporting material—are deemed admitted and will be drawn upon in disposition of the current motion for summary judgment.[1]

According to defendants' 12(M) statement, Bernardo, an officer of the Villa Park Police Department, stopped Jones for a traffic violation on March 27, 1991. At the time of the stop, Officer Bernardo was on his way back to the Villa Park Police Station to replenish his supply of traffic tickets. Bernardo planned on issuing Jones two tickets, one for failing to have a child between the ages of four and six properly restrained and one for failing to wear his seat belt. Because Bernardo did not have any tickets on his person, he ordered Jones to follow him to the police station. Jones, however, did not follow Bernardo to the station, instead driving to his parents' home. Accordingly, Bernardo and Officer McNamara arrested Jones in his parents backyard for escaping from the traffic stop. Jones resisted the arrest in his parents' backyard. Once Jones had been transported to the police station, Bernardo issued the two tickets. Jones was not injured during either his arrest or transport to the police station.

Jones was charged in the Circuit Court of DuPage County with four offenses: (1) escape in violation of Ill.Rev.Stat. ch. 38, ¶ 31–6(c); (2) resisting a peace officer in violation of Ill.Rev.Stat. ch. 38, ¶ 31–1; (3) failure to secure a child between four and six years of age in violation of Ill.Rev.Stat. ch. 95½, ¶ 1104a; and (4) failure to wear a seat belt in violation of Ill.Rev.Stat. ch. 95½, ¶ 12–603.-1(a). Jones appeared before Judge James W. Jerz on August 19, 1991. Pursuant to a plea bargain, Jones pled guilty to reduced charges in Count 2 and to Count 3 of the criminal complaint. Further, plaintiff stipulated to the facts set forth in Count 2 (as reduced) and Count 3. In exchange, the State agreed to dismiss Counts 1 (escape) and 4 (driver's failure to wear seatbelt) by *nolle prosequi.*

The instant complaint stems solely from the charge of escaping from a police officer. In his eleven-count complaint, filed on March 24, 1992, Jones sets forth the following claims against Bernardo and the Village of Villa Park which we summarize in the chart below.

---

1. Strict enforcement of 12(N) does not automatically entitle defendants to summary judgment. Rather, this court is obligated to make the further finding that given the undisputed facts, summary judgment is proper as a matter of law. *Wienco, Inc.*, 965 F.2d at 568; *Herman*, 870 F.2d at 404.

Summary of Claims

| Count No. | Defendant | Nature of Claim | Applicable Law |
|---|---|---|---|
| 1 | Bernardo | Excessive Force | Federal |
| 2 | Bernardo | Malicious Prosecution | Federal |
| 3 | Bernardo | False Arrest | Federal |
| 4 | Bernardo | Malicious Prosecution | Illinois |
| 5 | Bernardo | False Arrest | Illinois |
| 6 | Villa Park | Excessive Force | Illinois |
| 7 | Villa Park | Malicious Prosecution | Federal |
| 8 | Villa Park | Malicious Prosecution | Illinois |
| 9 | Villa Park | False Arrest and Imprisonment | Federal |
| 10 | Villa Park | False Arrest and Imprisonment | Illinois |
| 11 | Bernardo | Excessive Force | Illinois |

In that the Village of Villa Park cannot be held liable under § 1983 under a theory of *respondeat superior, see Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), we granted Jones' motion to dismiss Counts 7 and 9 of his complaint without prejudice.

### III. Discussion

### A. Malicious Prosecution
### (Counts 2, 4 and 8)

■ Unlike a claim of false arrest, malicious prosecution does not always give rise to a constitutional tort. *Mahoney v. Kesery*, 976 F.2d 1054, 1059–62 (7th Cir.1992); *Albright v. Oliver*, 975 F.2d 343, 345–46 (7th Cir.), *petition for cert. filed* (Nov. 12, 1992). In such cases, the essential link to an action grounded in the United States Constitution is the establishment of a protected liberty interest. *Albright*, 975 F.2d at 346–47. Although not a trifling infringement of the right to be free from oppression by public officials, malicious prosecution in itself is insufficient to establish the requisite liberty interest. *Id.* at 347. Rather, to be actionable as a constitutional wrong, malicious prosecution must be coupled with "incarcera-

tion or other palpable consequences." *Id.; see also Mahoney*, 976 F.2d at 1060. Whether this court should entertain Jones' claim for relief under § 1983 (Count 2) as an additive to the state-law remedy for malicious prosecution, however, is not an issue in the present case. Indeed, that Jones cannot establish a prima facie case of malicious prosecution under Illinois common law mandates summary judgment on defendants' behalf regarding Counts 2, 4 and 8.

■ In order to maintain a cause of action under Illinois law for malicious prosecution, Jones must establish: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 473, 151 Ill.Dec. 560, 569, 564 N.E.2d 1222, 1231 (1990) (citing *Joiner v. Benton Community Bank*, 82 Ill.2d 40, 44 Ill.Dec. 260, 411 N.E.2d 229 (1980); *Ritchey v. Maksin*, 71 Ill.2d 470, 17 Ill.Dec. 662, 376 N.E.2d 991 (1978)); *see also Magnuson v.*

*Cassarella*, 812 F.Supp. 824, 832 (N.D.Ill. 1992) (interpreting Illinois law). As Jones concedes, in that the escape charge was dismissed as a result of a plea agreement, we cannot conclude that the prior criminal proceeding terminated in a manner indicative of Jones' innocence. *See Joiner v. Benton Community Bank*, 82 Ill.2d 40, 45, 44 Ill.Dec. 260, 263, 411 N.E.2d 229, 232 (1980). Accordingly, we grant defendants' motion for summary judgment on Counts 2, 4 and 8 of Jones' complaint.

**B. False Arrest (Counts 3, 5, 9, and 10)**

 Whether maintained under § 1983 or pursuant to Illinois common law, a claim for false arrest must entail a restraint of an individual's liberty without probable cause. *See Albright*, 975 F.2d at 344–45; *Williams v. Kobel*, 789 F.2d 463, 468 (7th Cir.1986); *Meerbrey v. Marshall Field & Co.*, 139 Ill.2d 455, 475, 151 Ill.Dec. 560, 569, 564 N.E.2d 1222, 1231 (1990). Conversely, a police officer who arrests an individual with probable cause is not liable for false arrest under either § 1983 or Illinois state law, regardless of whether the innocence of the suspect is later proved. *See Mosley v. LaMastus*, 741 F.Supp. 724, 726 (N.D.Ill.1990). The existence of probable cause is a question of law. *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964) ("[I]t is the function of a court to determine whether the facts available to the officers at the moment of arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed.") (quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925)). Whether a police officer possessed probable cause to arrest is ascertained by looking to the facts known to the officer at the time of the arrest and determining whether a reasonably prudent police officer could have believed that the suspect had committed or was committing an arrestable offense. *Id.* at 91, 85 S.Ct. at 225–26.

 In the instant case, the uncontradicted facts set forth in defendants' 12(M) statement establish that Officer Bernardo had probable cause to arrest Jones. Officer Bernardo stopped Jones in order to assess two tickets for moving violations. Because he was temporarily out of tickets, Bernardo ordered Jones to follow him to the police station. Jones disobeyed this order, instead driving to his parents' house. Ill.Rev.Stat. ch. 38, ¶ 31–6(c) (Supp.1992) provides in relevant part: "[A] person in the lawful custody of a peace officer for the alleged commission of a misdemeanor offense and who intentionally escapes from custody commits a Class A misdemeanor." Under the circumstance as they existed at the time of the arrest, a reasonably prudent officer could believe that Jones violated Ill.Rev.Stat. ch. 38, ¶ 31–6(c). Additionally, and equally dispositive, Jones is "estopped" from denying the existence of probable cause for his arrest for escape by virtue of the dismissal of that charge pursuant to plea agreement. *See Joiner*, 82 Ill.2d at 46, 44 Ill.Dec. at 263, 411 N.E.2d at 232. Consequently, we grant defendants' motion for summary judgment on Counts 3, 5, 9 and 10 of Jones' complaint.

**C. Excessive Force (Counts 1, 6 and 11)**

 At the threshold, we note that Jones' claim under § 1983 (Count 1) is governed by the "reasonableness" standard of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989) (Fourth Amendment applies to excessive force claims arising out of an arrest or investigatory stop); *see also Tom v. Voida*, 963 F.2d 952, 958 (7th Cir. 1992); *Kinney v. Indiana Youth Center*, 950 F.2d 462, 465 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2313, 119 L.Ed.2d 232 (1992). The Fourth Amendment protects against any use of force during the course of an arrest which is not "objectively reasonable" in light of the totality of the circumstances. *Graham*, 490 U.S. at 397, 109 S.Ct. at 1872; *Kinney*, 950 F.2d at 465. These circumstances include factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S.Ct. at 1871–72; *Tom*, 963 F.2d at 958.

 In the instant case, Jones' sole complaint regarding the use of force is that Bernardo handcuffed him during the arrest,

keeping the handcuffs tightly fastened. This use of force, however, was clearly warranted and reasonable under the circumstances confronting Bernardo at the time of the arrest. According to the undisputed facts set forth in defendants 12(M) statement, Bernardo confronted Jones in his parents' backyard after he had fled from Bernardo's lawful custody. Rather than peacefully surrendering, Jones resisted arrest. As admitted in the course of pleading guilty to the reduced charges in Count 2 of the criminal complaint file in DuPage County, Jones disobeyed Bernardo's order to place his hands on the rear of his car during the arrest. This defiance coupled with Jones' initial flight from lawful custody makes Bernardo's use of handcuffs objectively reasonable. Accordingly, we grant Bernardo summary judgment on Count 1 of Jones' complaint.

■ Counts 6 and 11 of Jones' complaint represent claims of assault and battery under Illinois law against both Bernardo and Villa Park, and are based on the same application of force as described above. Assuming that such force in fact constitutes assault and battery under Illinois law, Jones nonetheless cannot prevail on either Counts 6 or 11. Under Illinois common law, the doctrine of public official immunity has developed out of the notion that "public officials should not be impeded from acting in ways that are in the public's best interest because of fears of personal liability." *Oppe v. State of Missouri*, 171 Ill.App.3d 491, 495, 121 Ill.Dec. 882, 885, 525 N.E.2d 1189, 1192 (4th Dist.), *appeal denied*, 122 Ill.2d 579, 530 N.E.2d 250 (1988). The doctrine as originally espoused provided that public officials are immune from liability where their conduct is a good faith exercise of discretionary, rather than ministerial, duties. *Mora v. State of Illinois*, 68 Ill.2d 223, 233–34, 12 Ill.Dec. 161, 166, 369 N.E.2d 868, 873 (1977); *People ex rel. Scott v. Briceland*, 65 Ill.2d 485, 502, 3 Ill.Dec. 739, 748, 359 N.E.2d 149, 158 (1976). However, as noted in *Oppe*, "this standard has been stretched and pulled to fit individual cases to the point that the immunity applies to the exercise of any governmental function, rather than a discretionary, nongovernmental function such as a maintenance person deciding where to drive a nail." *Oppe*, 171 Ill.App.3d

at 495, 121 Ill.Dec. at 885, 525 N.E.2d at 1192 (citing *Madden v. Kuehn*, 56 Ill.App.3d 997, 14 Ill.Dec. 852, 372 N.E.2d 1131 (2d Dist. 1978)). Respecting Officer Bernardo's action, there is no question that the use of handcuffs during his arrest of Jones was both a uniquely governmental function and discretionary. In the absence of any bad faith on the part of Officer Bernardo, the doctrine of public official immunity applies and Bernardo cannot be held personally liable to Jones. *See Magnuson v. Cassarella*, 813 F.Supp. 1321, 1324 (N.D.Ill.1992) (applying doctrine to nearly identical circumstance). Accordingly, we grant defendants' motion for summary judgment on Counts 6 and 11 of Jones' complaint.

### IV. Conclusion

For the reasons set forth above, defendants' motion for summary judgment is granted. It is so ordered.

### JUDGMENT IN A CIVIL CASE

IT IS ORDERED AND ADJUDGED that Jones cannot establish a prima facie case of malicious prosecution under Illinois common law mandates summary judgment on defendants' behalf regarding Counts 2, 4 and 8. Accordingly, we grant defendants' motion for summary judgment on Counts 2, 4 and 8 of Jones' complaint. Additionally, and equally dispositive, Jones is "estopped" from denying the existence of probable cause for his arrest for escape by virtue of the dismissal of that charge pursuant to plea agreement. *See Joiner*, 82 Ill.2d at 46, 44 Ill.Dec. at 263, 411 N.E.2d at 232. Consequently, we grant defendants' motion for summary judgment on Counts 3, 5, 9 and 10 of Jones' complaint. In the instant case, Jones' sole complaint regarding the use of force is that Bernardo handcuffed him during the arrest, keeping the handcuffs tightly fastened. As admitted in the course of pleading guilty to the reduced charges in Count 2 of the criminal complaint file in DuPage County, Jones disobeyed Bernardo's order to place his hands on the rear of his car during the arrest. This defiance coupled with Jones' initial flight from lawful custody makes Bernardo's use of handcuffs objectively reasonable. Accordingly, we grant Bernardo summary judg-

ment on Count 1 of Jones' complaint. Counts 6 and 11 of Jones complaint represent claims of assault and battery under Illinois law against both Bernardo and Villa Park, and are based on the same application of force. In the absence of any bad faith on the part of Officer Bernardo, the doctrine of public official immunity applies and Bernardo cannot be held personally liable to Jones. Accordingly, we grant defendants' motion for summary judgment on Counts 6 and 11.