NO. 4-96-0451

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JERRY L. BRINEGAR, JR., ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) Champaign County

DEL ALLEN REEVES, ) No. 94L250

Defendant-Appellant. ) 

) Honorable

) Thomas J. Difanis,

) Judge Presiding.

_________________________________________________________________

JUSTICE COOK delivered the opinion of the court:

In May 1992, Del Allen Reeves was in a motor vehicle accident involving Jerry L. Brinegar, Jr.  At the time of the accident, Reeves was apparently working as an employee of the Illinois Department of Transportation (IDOT).  Brinegar filed a lawsuit against Reeves seeking damages.  Since Reeves was acting within the scope of his employment at the time of the accident, he was entitled to representation by the Illinois Attorney General and was also entitled to indemnification for any judg­ment.  See Ill. Rev. Stat. 1991, ch. 127, par. 63b4(k) (now 20 ILCS 405/64.1(k) (West 1994)).  Follow­ing a bench trial, the court entered a judgment in favor of Brinegar.  The court found Reeves liable for $1,159.60 for past medical expenses and $1,000 for pain and suffering, for a total of $2,159.60 plus costs.

Although the record in this case contains many gaps, it appears that Brinegar then filed a citation against Reeves personally to discov­er Reeves' assets, and Reeves (through his

attorney, the Attorney General) filed a motion to quash the cita­tion.  The Attorney General argued the cita­tion should be quashed because the Illi­nois Department of Central Management Services had requested IDOT to process the judg­ment due Brinegar.  In the course of processing, the Illinois Depart­ment of Public Aid (Department) advised the Office of the Comp­troller (Comptrol­ler) that Brinegar owed money for delinquent child sup­port.  The Comptrol­ler, pursuant to sections 10.05 and 10.05a of the State Comptrol­ler Act (Act) (15 ILCS 405/10.05, 10.05a (West 1994), withheld payment of the judg­ment and noti­fied Brinegar that he had 30 days to file a protest.

The record is wholly silent as to whether Brinegar filed a protest with the Comptroller.  Regardless, the state argued there are three possible outcomes:  (1) Brinegar did not protest the Department's claim to the money and the Comptroller paid the amount of judg­ment toward Brinegar's child support debt; (2) Brinegar filed an unsuccessful protest with the same result; or (3) Brinegar filed a successful or partially success­ful protest and the Comptroller paid the amount of the judgment or a portion thereof to Brinegar.  (There is another possibility:  that the Comptroller did not do anything.)  Regard­less of the out­come, the state argued that sec­tions 10.05 and 10.05a of the Act created a statu­tory lien upon the judg­ment against Reeves and that the judgment had been satisfied by application of the payment toward Brinegar's debt with the Department.  The trial court disagreed with the state's analysis, denied Reeves' motion to quash the citation, and ordered Reeves to pay the judgment.  That decision was stayed pending appeal.  

We first consider a jurisdictional argument.  The Attorney General does not raise this argument, but we have an independent duty to consider matters going to our jurisdiction.  An action brought nominally against a state employee in his individual capacity will be found to be a claim against the state where a judgment for the plaintiff could operate to control the actions of the state 
or
 
subject
 
it
 
to
 
liability
.  
Currie v. Lao
, 148 Ill. 2d 151, 158, 592 N.E.2d 977, 980 (1992).  Claims against the state must be brought in the Court of Claims and cannot be brought in the circuit court.  745 ILCS 5/1 (West 1994).  This court held, in 
Oppe v. State of Missouri
, 171 Ill. App. 3d 491, 493-94, 525 N.E.2d 1189, 1191 (1988), that where the state is re­quired to indemnify state employees the action is one against the state and must be brought in the Court of Claims.  
Oppe
 
has been criticized on the basis it requires plaintiffs to sue in the Court of Claims whenever a state employee has a right to indemni­ty, but state employees may not be sued in the Court of Claims, with the result that the state will never have to indemnify its employees.  K. Beyler & P. Kelley, 
Jurisdiction and Immunity in Suits Against State Employees After
 Healy v. Vaupel
, 79 Ill. B.J. 612, 617 (1991).  The first district has noted the result in 
Oppe
 is correct on its facts but concluded that the language of the indemnification statute does not, standing alone, show a legis­la­tive intent that indem­ni­fication cases not be tried in the Court of Claims.  
Janes v. Albergo
, 254 Ill. App. 3d 951, 966, 626 N.E.2d 1127, 1137 (1993); Ill. Rev. Stat. 1991, ch. 127, par. 1302(d) (reference to jury trials, which are not provided for in Court of Claims cases).  We agree with 
Janes
 and conclude the circuit court had jurisdic­tion in the present case.   

I.  ANALYSIS

Reeves is the nominal appellant, but it is clear that the real party in interest is the state.  The state argues that the trial court was in error.  In pertinent part, section 10.05 of the Act provides:

"Whenever any person shall be entitled to a warrant or other payment from the trea­sury or other funds held by the State Trea­surer, on any account, against whom there shall be any account or claim in favor of the State, then due and payable, the Comptroller, upon noti­fication thereof, shall ascertain the amount due and payable to the State, as aforesaid, and draw a warrant on the treasury or on [the] other funds held by the State Trea­surer, stating the amount for which the party was entitled to a warrant or other payment, the amount deducted therefrom, and on what ac­count, and directing the payment of the bal­ance; which warrant or payment as so drawn shall be entered on the books of the Treasur­er, and such balance only shall be paid.  The Comptroller may deduct the entire amount due and payable to the State or may deduct a portion of the amount due and pay­able to the State in accordance with the request of the notifying agency."  15 ILCS 405/10.05 (West 1994).

Section 10.05a of the Act allows the Department to direct the Comptroller to deduct past-due child support from a warrant or payment described in section 10.05 of the Act, and specifically provides that "[s]uch deduction shall have priority over any garnishment except that for payment of state or federal taxes."  15 ILCS 405/10.05a (West 1994).

In interpreting an earlier version of section 10.05 of the Act, the Court of Claims noted that the statute simply means:

"[W]hen the [Comptroller] finds the claim­ant to whom a warrant is payable owes the State on any claim whatever, that a bal­ance shall be struck, claimant required to pay the claim, and the balance if any, is to be re­mitted to claim­ant by warrant on the treasur­er by the bal­ance so found to be due."  
Bunn Capitol Gro­cery Co. v. State
, 12 Ill. Ct. Cl. 380, 383-84 (1943).

The state argues that, pursuant to sections 10.05 and 10.05a, the Comptroller has satisfied the judgment against Reeves by applying money due Brinegar toward Brinegar's debt with the Department and that Brinegar is not entitled to any recovery from Reeves.  We dis­agree.

This case is resolved by looking to the plain language of the statute.  The state is allowed to make a setoff pursuant to section 10.05 of the Act when the claimant is "entitled" to a warrant or other payment from the state.  15 ILCS 405/10.05 (West 1994).  In the instant case, the state has not demonstrated that Brinegar was 
entitled
 to a payment from the state.  That the state chooses to indemnify its employees under certain circum­stances does not transform a suit against an individual defendant into a suit against the state.  See 
Janes
, 254 Ill. App. 3d at 965-66, 626 N.E.2d at 1136-37; 
Williams v. Lane
, 818 F. Supp. 1212, 1213 n.1 (N.D. Ill. 1993).  Plainly put, Brinegar was entitled to a payment from Reeves, and Reeves was the subject of the supplementary proceeding.  The form of the action controls the outcome of this case.

The outcome of this case would have been the same had the Department, as a judgment creditor, at­tempted to enforce its judgment against Brinegar by attach­ing Reeves' obligation to pay the judg­ment.  As noted, pursuant to section 10.05a of the Act, the Department may direct the Comp­troller to deduct from a warrant or payment the amount necessary to satisfy "past[-]due support owed by a person on account of support action being taken by the Depart­ment under Article X of The Illinois Public Aid Code [(Code) (305 ILCS 5/10-1 
et
 
seq
. (West 1994))]."  15 ILCS 5/10.05a (West 1994).  Section 10-10 of the Code states that "[a]ny new or exist­ing support order entered by the court under this [s]ection shall be deemed to be a series of judgments against the person obligat­ed to pay support thereun­der."  305 ILCS 5/10-10 (West 1994).  That section also states that "[e]ach such judg­ment shall have the full force, effect 
and
 
attrib­utes
 of any other judgment of this State, including the ability to be en­forced."  (Emphasis added.)  305 ILCS 5/10-10 (West 1994).  Section 10-11 of the Code, which allows the Department to proceed under an administrative hearing, contains similar language.  305 ILCS 5/10-11 (West 1994).

Under these statutes, once an order has been en­tered, the Department becomes, in essence, a judgment creditor of the person obligated to pay support.  Even if the Department were to attempt to enforce its judgment against Brinegar from the amount Reeves owed Brinegar by way of a garnishment proceed­ing, section 12-1001 of the Code of Civil Procedure exempts several types of personal proper­ty from judg­ment, attachment, or distress for rent, includ­ing the debtor's right to receive, or property traceable to, a payment, not to exceed $7,500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a depen­dent.  735 ILCS 5/12-1001(h)(4) (West 1994).  Thus, the Depart­ment would be unsuccess­ful in seeking to attach the judgment due Brinegar from Reeves.  We note that section 10-16.2 of the Code allows the Department to seek an order to withhold an obligor's 
income
 and that "[a]ny other State or local laws which limit or exempt income or the amount or percent­age of income that can be withheld shall not apply."  305 ILCS 5/10-16.2(A)(4) (West 1994).  However, "income" is defined in that section as being "any form of periodic payment."  305 ILCS 5/10-16.2(A)(4) (West 1994).  A lump sum payment of a person­al injury judgment is not a periodic payment. 

Finally, we note that the outcome may have been differ­ent had Brinegar been successful in either a supplementary or a garnishment proceeding against the state, which would have direct­ly obligated the state to pay Brinegar, because the state would then have been enti­tled to a setoff.  It has long been the rule that the "gar­nishee is enti­tled to assert against the indebted­ness due to the judg­ment debtor offsetting claims against either or both the judgment creditor and the judgment debtor."  735 ILCS 5/12-708 (West 1994); see also 
Finch v. Alexander County National Bank
, 65 Ill. App. 337, 339-40 (1896).  In any event, we need not decide these issues.  The state may have voluntarily attempted to indem­ni­fy Reeves, but Brinegar has not sought and is not enti­tled to a payment from the state.  Accord­ing­ly, the state is not entitled to set off the payment pursuant to section 10.05 of the Act.  

We recognize that once Reeves has paid the amount of the judgment to Brinegar, Reeves will be entitled to look to the state for indemnification.  That will be a matter, however, between Reeves and the state.  As between Reeves and Brinegar, Reeves had no right to pay the Department for Brinegar's child support obliga­tion.  The state, as the indemnitor of Reeves, had no right to satisfy the judgment against Reeves by a payment to a creditor of Brinegar.

II.  CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

STEIGMANN, P.J., and GARMAN, J., concur.